[No. C057523. Third Dist. July 10, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
JON BURGESS WILSON, Defendant and Appellant.

COUNSEL

Gregory Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and John G. McLean, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**CANTIL-SAKAUYE, J.**—In May 2005, defendant Jon Burgess Wilson entered a plea of guilty to second degree burglary (Pen. Code, § 459)[1] in exchange for the dismissal of an additional charge of petty theft (shoplifting) (§ 490.5). The trial court placed defendant on three years' formal probation. In October 2007, defendant admitted three violations of his probation. In November 2007, the trial court denied defendant reinstatement of probation and sentenced him to state prison for the upper term of three years.

On appeal, defendant claims the trial court's imposition of the upper term violated his federal constitutional rights under *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435, 120 S.Ct. 2348] (*Apprendi*), *Blakely v. Washington* (2004) 542 U.S. 296 [159 L.Ed.2d 403, 124 S.Ct. 2531] (*Blakely*), and *Cunningham v. California* (2007) 549 U.S. 270 [127 S.Ct. 856, 166 L.Ed.2d 856] (*Cunningham*). We shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In July 2004, defendant and his wife entered a Wal-Mart store in Yuba County, with the intent to commit theft.[2] They gathered a number of items into a shopping cart, removed the UPC (uniform product code) labels, and left the store without paying for the merchandise. Store security stopped the couple outside the store and escorted them back inside.

The information subsequently filed charged defendant with second degree burglary and shoplifting. Defendant pled guilty to the burglary charge, the shoplifting charge was dismissed, and defendant was placed on formal probation.

---

[1] Hereafter, undesignated statutory references are to the Penal Code.

[2] Our statement of facts underlying defendant's offense is drawn from the factual basis stated for defendant's entry of his guilty plea and from his probation report.

A petition for revocation of defendant's probation was filed in August 2007, alleging defendant violated the terms of his probation by (1) failing to report to his probation officer after July 2007, (2) moving on or before July 4, 2007, and failing to report his change of address, and (3) failing to pay the court-ordered restitution fine and court fees when he had an ability to pay. Defendant admitted the violations.

After consideration of defendant's original probation report and a supplemental probation report, the trial court denied defendant further probation and sentenced him to state prison for the upper term of three years.

## DISCUSSION

Defendant's sole claim on appeal is that the trial court's imposition of the upper-term sentence violated his federal constitutional rights to jury trial, to proof beyond a reasonable doubt and to due process as those rights have been interpreted by the United States Supreme Court in *Apprendi, supra,* 530 U.S. 466 [147 L.Ed.2d 435], *Blakely, supra,* 542 U.S. 296 [159 L.Ed.2d 403], and *Cunningham, supra,* 549 U.S. 270 [166 L.Ed.2d 856]. Not so.

In *Apprendi, supra,* 530 U.S. 466 [147 L.Ed.2d 435], the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Id.* at p. 490 [147 L.Ed.2d at p. 455].)

In *Blakely, supra,* 542 U.S. 296 [159 L.Ed.2d 403], the Supreme Court applied the rule of *Apprendi* to invalidate a state court sentence. The high court explained that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." (*Id.* at p. 303 [159 L.Ed.2d at p. 413], italics omitted.)

In *Cunningham, supra,* 549 U.S. 270 [166 L.Ed.2d 856], the Supreme Court applied *Apprendi* and *Blakely* to California's then existing determinate sentencing law, which provided that "the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime." (Former § 1170, subd. (b).) The Supreme Court held that by "assign[ing] to the trial judge, not to the jury, authority to find the facts that expose a defendant to an elevated 'upper term' sentence," California's determinate sentencing law "violates a defendant's right to trial by jury safeguarded by the *Sixth* and *Fourteenth* Amendments." (*Cunningham, supra,* at p. 274 [166 L.Ed.2d at p. 864], italics added, overruling *People v. Black* (2005) 35 Cal.4th 1238 [29 Cal.Rptr.3d 740, 113 P.3d 534] (*Black I*) on this point.)

The California Legislature quickly responded to the *Cunningham* decision. Senate Bill No. 40 (2007–2008 Reg. Sess.) (Senate Bill 40) amended section 1170 in response to *Cunningham*'s suggestion that California could comply with the federal jury-trial constitutional guarantee while still retaining determinate sentencing, by allowing trial judges broad discretion in selecting a term within a statutory range, thereby eliminating the requirement of a judge-found factual finding to impose an upper term. (*Cunningham, supra*, 549 U.S. at pp. 292–294 [166 L.Ed.2d at pp. 876–877]; see Stats. 2007, ch. 3, § 1.) Senate Bill 40 amended section 1170 so that (1) the middle term is no longer the presumptive term absent aggravating or mitigating facts found by the trial judge; and (2) a trial judge has the discretion to impose an upper, middle or lower term based on reasons he or she states. As amended, section 1170 now provides as pertinent: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court. . . . The court shall select the term which, in the court's discretion, best serves the interests of justice. The court shall set forth on the record the reasons for imposing the term selected . . . ." (§ 1170, subd. (b).) This amended version of section 1170 became effective on March 30, 2007. (Stats. 2007, ch. 3, § 2.)

■ Here, the trial court sentenced defendant on November 5, 2007. The trial court stated its reasons for imposing the upper term as "the defendant's multiple prior convictions and continued abuse of controlled substances even while in residential treatment."[3] The trial court's sentencing of defendant in compliance with the requirements of amended section 1170, subdivision (b), did not violate defendant's federal constitutional rights under *Apprendi, Blakely*, and *Cunningham*.

■ Moreover, even if *Cunningham* had applied to defendant's sentencing, there would be no error. *People v. Black* (2007) 41 Cal.4th 799 [62 Cal.Rptr.3d 569, 161 P.3d 1130] (*Black II*) held that "imposition of the upper term does not infringe upon the defendant's constitutional right to jury trial so long as one legally sufficient aggravating circumstance has been found to exist by the jury, has been admitted by the defendant, or is justified based upon the defendant's record of prior convictions." (*Id.* at p. 816.) Here, defendant's record of prior convictions that dates back to 1992, on which the court relied, justified imposition of the upper term. We are bound by our Supreme Court's decision. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

---

[3] The record supports the court's stated reasons.

## DISPOSITION

The judgment is affirmed.

Morrison, Acting P. J., and Robie, J., concurred.