Filed 7/7/16  P. v. Howard CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARK ANTHONY HOWARD,<br><br>    Defendant and Appellant. | D069940<br><br><br>(Super. Ct. No. RIF1400698) |

APPEAL from a judgment of the Superior Court of Riverside County, Rafael A. Arreola, Judge.  Affirmed.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

Mark Anthony Howard appeals a judgment following his jury conviction of two counts of robbery (Pen. Code, § 211).[1]  On appeal, he contends the trial court erred by not adequately stating reasons for its denial of probation and sentencing choices.  He further contends that if he waived or forfeited that contention on appeal for failure to object below, he was denied his constitutional right to effective assistance of counsel.

FACTUAL AND PROCEDURAL BACKGROUND

On June 12, 2012, Howard and another man, both wearing masks and gloves, entered a jewelry store in a Riverside mall.  One held a gun and the other a hammer.  They announced: "You know what this is.  You know what this is.  Get to the ground."  Two store employees and a customer complied and lay down on the floor.  The two robbers yelled, screamed, and used derogatory language.

The robbers took money out of the cash register, smashed display cases with the hammer, and took jewelry valued at over $17,000.  They fled through the mall's back service area, discarded clothing along the way, got on a motorcycle, and sped away.  One of the robbers tossed a gun, subsequently determined to be a toy gun painted black, into the bushes.

Police found evidence left behind by the robbers (e.g., the gun, a bandanna, gloves, money, an earring, and several store price tags).  Howard's DNA was found on the bandanna and a glove.  There was a motorcycle similar to the one used by the robbers parked in the driveway of Howard's home and registered in his name.  A search of

---

[1]     All statutory references are to the Penal Code.

Howard's home found jewelry stolen from the jewelry store. A mallet and a pair of shoes similar to the ones worn by one of the robbers were found in a car parked at Howard's home and registered in his name. A business card for the jewelry store was also found.

An information charged Howard with two counts of robbery by means of force and fear (§ 211). At trial, the prosecution presented evidence substantially as described above. In his defense, Howard testified that he did not rob the jewelry store. He worked next door to the jewelry store. He denied that the shoes found in his car were his. He explained there were many youths in his program for youths who had access to his home and motorcycle, and he suspected one of the youths probably committed the robbery. The jury found Howard guilty on both robbery counts. The trial court denied probation and sentenced him to an aggregate sentence of four years in prison. Howard timely filed a notice of appeal.

## DISCUSSION

## I

*Waiver or Forfeiture of Sentencing Error*

Howard contends the trial court erred by not stating its reasons, or not adequately stating its reasons, for denying probation, imposing the middle term for his first robbery offense, and imposing a consecutive term for his second robbery offense. However, as we explain below, he has waived or forfeited that contention on appeal because he did not object on those grounds at the time of his sentencing.

A

At Howard's sentencing hearing, the trial court stated it had received, read, and considered the probation report, the defense sentencing memorandum that included many letters in support of Howard, and the prosecution's sentencing brief. The probation report discussed factors relating to a grant or denial of probation and recommended the court deny probation. It also discussed various circumstances in aggravation and the absence of circumstances in mitigation, and recommended the court impose the middle term of three years for the first robbery offense and a consecutive one-year term for the second robbery offense. The court also heard testimony from two witnesses in support of Howard and arguments by Howard's counsel and the prosecutor.

The trial court then denied probation and imposed a four-year prison term on Howard, stating:

> "I'm going to conclude that neither the circumstances in aggravation nor any circumstances in mitigation outweigh each other. So the midterm is the appropriate term in this case. So as to Count 1, I'm going to sentence you to the midterm recommended in [the] probation [report], three years, and probation is denied by the way. . . . I have to find unusual circumstances to do that [i.e., grant probation] and there aren't any. So you'll be sentenced to three years on Count 1, as recommended by probation; there will be a consecutive one-third of the midterm for Count 2 for an additional year, for a total of four years."

Howard did not object to the court's stated reasons, or the lack of reasons, for its choices.

B

"Where the defendant is eligible for probation, the court must state its reasons for selecting a prison commitment as its sentencing choice. This obligation to state reasons

4

is satisfied by an explanation of why probation has been rejected in favor of imprisonment." (*People v. Leung* (1992) 5 Cal.App.4th 482, 506.) "A sentencing court must state its reasons for denying probation." (*People v. Mehserle* (2012) 206 Cal.App.4th 1125, 1157.)

Pursuant to section 1170, "a trial judge has the discretion to impose an upper, middle or lower term based on reasons he or she states." (*People v. Wilson* (2008) 164 Cal.App.4th 988, 992.) "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court. . . . The court shall select the term which, in the court's discretion, best serves the interests of justice. The court shall set forth on the record the reasons for imposing the term selected . . . ." (§ 1170, subd. (b).) "The court shall state the reasons for its sentence choice on the record at the time of sentencing." (§ 1170, subd. (c).) A trial court has "broad discretion . . . in selecting the base term [citation] and in choosing whether to impose concurrent or consecutive terms [citation]." (*People v. Monge* (1997) 16 Cal.4th 826, 850-851.) "Sentence choices that generally require a statement of a reason include: [¶] (2) Imposing a prison sentence and thereby denying probation; . . . (4) Selecting one of the three authorized prison terms referred to in section 1170[, subdivision] (b) for either an offense or an enhancement; [and] (5) Imposing consecutive sentences[.]" (Cal. Rules of Court, rule 4.406(b).)[2] "The decision to impose consecutive sentences is . . . a 'sentence choice' for which, under the determinate

---

2      All rule references are to the California Rules of Court.

sentencing law, the trial court must give reasons." (*People v. Champion* (1995) 9 Cal.4th 879, 934.) If a trial court does not adequately state reasons for its sentencing choices, that error is harmless and does not require remand for resentencing if it is not reasonably probable a more favorable sentence would have been imposed in the absence of the error. (*People v. Davis* (1995) 10 Cal.4th 463, 552.)

C

Howard argues the trial court erred by not stating reasons, or not adequately stating reasons, for its decisions to deny probation and impose the middle term for his first robbery offense, and a consecutive term for his second robbery offense. However, we conclude he has waived or forfeited any challenge on appeal to those decisions by not timely objecting below when the court could have easily remedied the purported errors.

In *People v. Scott* (1994) 9 Cal.4th 331, at page 353, the California Supreme Court held that "the waiver doctrine should apply to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices." The court stated that the waiver doctrine would apply to "cases in which the court purportedly erred because it . . . failed to state any reasons or give a sufficient number of valid reasons." (*Ibid*.) The court explained: "Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention. As in other waiver cases, we hope to reduce the number of errors committed in the first instance and preserve the judicial resources otherwise used to correct them." (*Ibid*.) Accordingly, *Scott* held: "[C]omplaints about the manner in which the trial court exercises its sentencing

6

discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*Id*. at p. 356.)

The People assert, and Howard concedes, that defense counsel did not object to the trial court's statements of reasons, or the lack of reasons, for its sentencing choices during the sentencing hearing when the court could have easily corrected any deficiencies. Because Howard did not timely object below to the trial court's statements of reasons, or the lack of reasons, for its choices in denying probation, imposing the middle term for his first robbery offense, and imposing a consecutive term for his second robbery offense, we conclude he has waived or forfeited challenges to his sentencing on those grounds and cannot raise those challenges on appeal for the first time. (*People v. Scott*, *supra*, 9 Cal.4th at pp. 353, 356.)

## II

### *Ineffective Assistance of Counsel*

Howard alternatively contends that if he waived or forfeited his challenge on appeal to the trial court's statements of reasons, or absence thereof, for its sentencing choices because his defense counsel did not object below on those grounds, he was denied his constitutional right to effective assistance of counsel.

### A

A criminal defendant is constitutionally entitled to effective assistance of counsel. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15; *Strickland v. Washington* (1984) 466 U.S. 668, 684-685 (*Strickland*); *People v. Pope* (1979) 23 Cal.3d 412, 422 (*Pope*), disapproved on another ground by *People v. Berryman* (1993) 6 Cal.4th 1048, 1081, fn.

7

10.)  To show denial of the right to counsel, a defendant must show: (1) his or her counsel's performance was below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance prejudiced the defendant.  (*Strickland*, at pp. 687, 691-692; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-217 (*Ledesma*); *Pope*, at p. 425.)  To show prejudice, a defendant must show there is a reasonable probability that he or she would have received a more favorable result had his or her counsel's performance not been deficient.  (*Strickland*, at pp. 693-694; *Ledesma*, at pp. 217-218.)  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  (*People v. Williams* (1997) 16 Cal.4th 153, 215.)  It is the defendant's burden on appeal to show that he or she was denied effective assistance of counsel and is entitled to relief.  (*Ledesma*, at p. 218.)

"In evaluating a defendant's claim of deficient performance by counsel, there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance' [citations], and we accord great deference to counsel's tactical decisions.  [Citations.] . . . Accordingly, a reviewing court will reverse a conviction on the ground of inadequate counsel 'only if the record on appeal affirmatively discloses that counsel had no rational tactical purpose for his act or omission.' " (*People v. Frye* (1998) 18 Cal.4th 894, 979-980.)

However, a court need not address the issue of whether a defendant's counsel performed deficiently before it addresses the issue of whether the defendant was prejudiced by that purported deficient performance.  "If it is easier to dispose of an ineffectiveness claim on the ground of a lack of sufficient prejudice, which we expect

8

will often be so, that course should be followed." (*Strickland*, *supra*, 466 U.S. at p. 697; see also *In re Alvernaz* (1992) 2 Cal.4th 924, 945.)

B

Assuming arguendo Howard's counsel performed deficiently as he asserts, we nevertheless conclude he has not carried his burden on appeal to show that such deficient performance prejudiced him. (*Strickland*, *supra*, 466 U.S. at pp. 687, 691-692, 697; *Ledesma*, *supra*, 43 Cal.3d at pp. 216-217; *Pope*, *supra*, 23 Cal.3d at p. 425.) Based on our review of the record, we conclude it is not reasonably probable Howard would have obtained a more favorable result at his sentencing hearing had his counsel not performed deficiently as he asserts by not timely objecting to the trial court's statements of reasons, or the lack of reasons, for its choices in denying probation, imposing the middle term for his first robbery offense, and imposing a consecutive term for his second robbery offense. Alternatively stated, our confidence in the outcome of Howard's sentencing hearing is not undermined by the purported deficient performance of his counsel.

Regarding the trial court's decision to deny probation, the probation report stated there were no facts relating to Howard's crimes that supported a grant of probation. (Rule 4.414(a).) In support of a grant of probation, the report stated Howard had satisfactorily performed on prior probation or parole and was not currently on probation or parole, was willing to comply with conditions of probation, and had the ability to comply with reasonable conditions of probation. (Rule 4.414(b)(2), (3), (4).) However, in support of a denial of probation, the report stated the nature and circumstances of Howard's crimes were serious compared to other instances of robbery, his victims were vulnerable, he

9

inflicted physical or emotional injury, the degree of monetary loss to the victims was great, and the manner in which he carried out his crimes showed criminal sophistication or professionalism. (Rule 4.414 (a)(1), (3), (4), (5), (8).) Also in support of a denial of probation, the report stated Howard's prior record of criminal conduct indicated a pattern of regular or increasingly serious criminal conduct and that he was not remorseful. (Rule 4.414(b)(1), (7).) The probation report recommended that Howard be denied probation. The prosecution's sentencing brief also requested that the trial court deny Howard probation, arguing the factors in support of denying probation far outweighed the factors in support of granting probation. The prosecution described many of the factors listed in the probation report as supporting a denial of probation. In denying probation, the trial court considered and weighed the probation report, the prosecution's sentencing brief, and the defense sentencing memorandum that included letters in support of Howard. By stating there were no unusual circumstances that supported a grant of probation, the trial court implicitly indicated its belief that the factors in support of a denial of probation outweighed the factors in support of a grant of probation and that Howard should not therefore be granted probation. There is nothing in the record, including the defense sentencing memorandum, Howard's community involvement, his steady work history, or the many letters in his support, that shows it is reasonably probable the court would have granted him probation had his counsel objected to the court's statement of reasons, or the lack of reasons, for its denial of probation. Howard does not persuade us to reach a contrary conclusion.

Regarding the trial court's imposition of the middle term for Howard's first robbery offense, the probation report stated circumstances in aggravation included that his crimes involved great violence, great bodily harm, the threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness; the manner in which the crimes were committed showed planning, sophistication, or professionalism; and the crimes involved an actual taking or damage of great monetary value. (Rule 4.421(a)(1), (8), (9).) It also stated circumstances in aggravation included that Howard had engaged in violent conduct that indicated a serious danger to society and his prior convictions were numerous or of increasing seriousness. (Rule 4.421(b)(1), (2).) The report stated there were no circumstances in mitigation. (Rule 4.423(a), (b).) The probation report recommended that the court impose the middle term of three years in prison for Howard's first robbery offense. The prosecution's sentencing brief also requested that the court impose the middle term of three years for Howard's first robbery offense, arguing the factors in aggravation far outweighed the factors in mitigation. The prosecution noted Howard's crimes involved great violence in that he and his partner made everyone in the jewelry store fear for their lives by wearing masks, yelling and screaming at them, making them get on the ground, and brandishing a gun (albeit a fake one) to further instill and promote violence. In imposing the middle term of three years in prison for Howard's first robbery offense, the court considered and weighed the probation report, the prosecution's sentencing brief, and the defense sentencing memorandum that included letters in support of Howard. By finding neither the circumstances in aggravation nor any circumstances in mitigation outweighed each other,

11

the court clearly weighed the relevant sentencing factors and concluded the appropriate term for Howard's first robbery offense was the middle term. There is nothing in the record, including the defense sentencing memorandum, Howard's community involvement, his steady work history, or the many letters in his support, that shows it is reasonably probable the court would have imposed a lesser sentence for his first robbery offense had his counsel objected to the court's statement of reasons, or the lack of reasons, for its imposition of the middle term. Howard does not persuade us to reach a contrary conclusion.

Regarding the trial court's imposition of a consecutive term for Howard's second robbery offense, the probation report cited the circumstances in aggravation and circumstances in mitigation, as discussed above, and recommended that the trial court impose a consecutive term for his second offense. Likewise, the prosecution's sentencing brief discussed the circumstances in aggravation and circumstances in mitigation and requested that the court impose a consecutive term for Howard's second robbery offense based on the many circumstances in aggravation.

In imposing a consecutive one-year term for Howard's second robbery offense, the trial court considered and weighed the probation report, the prosecution's sentencing brief, and the defense sentencing memorandum that included letters in his support. Although the court did not expressly state any reasons for that sentencing choice, it presumably weighed the relevant sentencing factors and concluded the appropriate term for Howard's second robbery offense was a consecutive one-year term. There is nothing in the record, including the defense sentencing memorandum, Howard's community

12

involvement, his steady work history, or the many letters in his support, that shows it is reasonably probable the court would have imposed a concurrent sentence for his second robbery offense had his counsel objected to the court's lack of a statement of reasons for its imposition of a consecutive one-year term. Howard does not persuade us to reach a contrary conclusion.

Because Howard was not prejudiced by his counsel's purported deficient performance, he was not denied his constitutional right to effective assistance of counsel. (*Strickland*, *supra*, 466 U.S. at pp. 687, 691-692, 697; *Ledesma*, *supra*, 43 Cal.3d at pp. 216-217; *Pope*, *supra*, 23 Cal.3d at p. 425.)

## DISPOSITION

The judgment is affirmed.

McDONALD, J.

WE CONCUR:

NARES, Acting P. J.

O'ROURKE, J.

13