Filed 9/22/21  P. v. Brown CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B308518 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA061229) |
| v. | |
| CORNELL COOPER BROWN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Affirmed.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

* * * * * *

Defendant and appellant Cornell Cooper Brown (defendant) appeals from the judgment entered upon resentencing after one of his prior convictions was reduced to an infraction. His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues. After defendant was notified of his counsel's brief he filed his own supplemental brief, claiming that the trial court imposed the upper term to his first degree burglary conviction in violation of his right to a jury trial as to the facts justifying the high term under the principles enunciated by the United States Supreme Court in *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*) and its progeny (the "*Apprendi* rule"). We have reviewed defendant's supplemental brief and the record and find no violation of the *Apprendi* rule. Accordingly, we affirm the judgment.

**BACKGROUND**

In 2014, a jury convicted defendant of first degree burglary (count 10; Pen. Code, § 459[1]), misdemeanor receiving stolen property (count 11; § 496, subd. (a)), three counts of forgery (counts 12, 13, & 14; § 476), grand theft (count 24; § 487, subd. (a)), unlawful possession of ammunition (count 26; § 30305, subd. (a)(1)), and unlawful taking of a vehicle with a prior conviction (count 27; § 666.5). Defendant admitted two prior serious felony convictions, a violation of section 422 and a violation of Health and Safety Code section 11360, subdivision (a), as alleged under the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)-(j), 1170.12), and section 667, subdivision (a)(1), the five-year recidivist enhancement. Defendant also admitted that he had

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

served a prior prison term within the meaning of section 667.5, subdivision (b).

The trial court sentenced defendant to 36 years to life plus six years in prison as follows: the middle term of three years doubled to six years on count 27; 25 years to life on count 10, plus 10 years for the two convictions alleged pursuant to section 667, subdivision (a)(1), and one year for a prior prison term; two-year concurrent terms as to each of counts 14, 24, and 26; a two-year stayed sentence on each of counts 12 and 13; and a 180-day concurrent sentence on count 11. Defendant appealed from the judgment, and this court issued a nonpublished opinion in *People v. Brown* (June 27, 2016, B262304), reversing the conviction on count 13, striking one of the five-year recidivist enhancements, and ordering a corrected abstract of judgment.[2] In July 2017, the trial court issued a new abstract of judgment reflecting a total sentence of 31 years to life, plus six years.

Defendant thereafter filed an application under Proposition 64 (as approved by voters, Gen. Elec. (Nov. 8, 2016)) to redesignate his conviction for violating Health and Safety Code section 11360, subdivision (a). In January 2019, the application was granted and defendant's conviction was designated an infraction pursuant to Health and Safety Code section 11361.8, subdivision (f). In 2020, defendant filed a petition for writ of habeas corpus seeking to recall his sentence based on the reduction of one of his prior strikes to an infraction. The trial court granted the requested relief, appointed counsel, and scheduled full resentencing in accordance with *People v. Buycks* (2018) 5 Cal.5th 857.

---

[2] At appellate counsel's request, we have taken judicial notice of our opinion in defendant's appeal.

3

On October 6, 2020, the trial court vacated defendant's sentence in its entirety and resentenced him as a second strike offender, rather than a third strike offender. The court noted that defendant was also entitled to receive the benefit of Senate Bill No. 136 (2019-2020 Reg. Sess.) by eliminating the one-year prison prior imposed pursuant to section 667.5, subdivision (a). The court also noted that counsel for both sides had stipulated to the use of the 2013 probation report. To refresh its recollection the court considered the probation report, the transcript of the court's original sentencing and the appellate opinion in case No. B262304. In addition the court reviewed documents submitted by defendant: a letter of support from Jauzalynne Meadows, a graduate certificate, a certificate of baptism, and a certificate of completion of The Purpose Driven Life Spiritual Growth Campaign. Defense counsel requested that defendant be sentenced to the middle term on count 10, which the court acknowledged it had previously chosen. However the court stated that it had been generous because of defendant's long indeterminate term, implying that it was no longer justified due to defendant's extensive criminal history.

The trial court found no factors in mitigation. As factors in aggravation the court found that defendant had engaged in violent conduct that indicated a serious danger to society, defendant had a substantial criminal history including serious convictions and juvenile adjudications, and defendant's prior performance on probation had been unsatisfactory. The court imposed a total prison term of 23 years. The court selected the high term of six years for count 10 (first degree burglary), doubled to 12 years as a second strike, plus a consecutive five years pursuant to section 667, subdivision (a)(1). The court struck the one-year prison prior enhancement, and imposed a

concurrent term of 180 days as to count 11 and two years on count 12, which it stayed pursuant to section 654. As to each of counts 14, 24, and 26, the court imposed eight months (one-third the middle term) doubled to one year four months; and on count 27, the court imposed one year (one-third the middle term). The court reduced the previously imposed restitution fine from $5,000 to $2,000.

Defendant filed a timely notice of appeal from the judgment.

## DISCUSSION

In his supplemental brief defendant contends that the trial court's selection of the upper term for count 10 was a violation of his right to a jury trial on the facts justifying the high term under the principles enunciated by the United States Supreme Court in *Apprendi, supra*, 530 U.S. 466, *Blakely v. Washington* (2004) 542 U.S. 296, and *Cunningham v. California* (2007) 549 U.S. 270.[3]

"The *Apprendi* rule does not apply to 'the fact of a prior conviction.'" (*People v. Scott* (2015) 61 Cal.4th 363, 405, quoting *Apprendi, supra*, 530 U.S. at p. 490; see *Blakely v. Washington, supra*, 542 U.S. at p. 301; *Cunningham v. California, supra*, 549 U.S. at pp. 274-275.) "[A]ggravating circumstances based on a

---

[3] Since those decisions were published, California Legislature amended section 1170, subdivision (b) to allow trial judges broad discretion in selecting a term within the statutory range. (See *People v. Wilson* (2008) 164 Cal.App.4th 988, 992.) Under the revised version of section 1170, subdivision (b), "(1) the middle term is no longer the presumptive term absent aggravating or mitigating facts found by the trial judge; and (2) a trial judge has the discretion to impose an upper, middle or lower term based on reasons he or she states." (*Wilson*, at p. 992.)

defendant's criminal history that render the defendant eligible for the upper term include a trial court's finding that the defendant suffered a prior conviction . . . and that the defendant performed unsatisfactorily while on probation or parole to the extent such unsatisfactory performance is established by the defendant's record of prior convictions . . . ." (*People v. Scott, supra*, at p. 405, citations omitted.) Moreover, only a single valid aggravating circumstance is required to impose an upper term sentence. (*Id.* at pp. 404-405.)

Thus no jury findings were required as to the factors in aggravation relied upon here: defendant's substantial prior criminal history and his unsatisfactory prior performance on probation, as demonstrated by the stipulated use of the probation report. The trial court did not err. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

## DISPOSITION

The judgment is affirmed.

_____
CHAVEZ, J.

We concur:

_____        _____
LUI, P. J.                             ASHMANN-GERST, J.

6