Filed 6/16/22  P. v. Fleer CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>JAYLEN DEVON FLEER,<br><br>     Defendant and Appellant. | D079195<br><br><br><br>(Super. Ct. No. SCS314752) |

APPEAL from a judgment of the Superior Court of San Diego County, Michael J. Popkins, Judge.  Affirmed and remanded for resentencing.

Matthew R. Garcia, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, and Steve Oetting and Amanda Lloyd, Deputy Attorneys General, for Plaintiff and Respondent.

Jaylen Devon Fleer appeals from a 12-year prison sentence imposed after he pled guilty to sex offenses involving four minor victims.  His sentence includes an upper term for the principal term, middle terms for eight other

counts that were run consecutively, and upper terms for nine other counts that were ordered to run concurrently or stayed. The sole issue on appeal is whether Fleer is entitled to be resentenced under the new ameliorative provisions of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill No. 567), which amended Penal Code section 1170[1] effective January 1, 2022, to limit a trial court's discretion to impose an upper term. We conclude that Fleer is entitled to resentencing under *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*). Accordingly, we remand for resentencing under Senate Bill No. 567. In all other respects, the judgment is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

On July 24, 2020, Fleer was charged with 20 sex offenses involving four minor victims. The complaint alleged three counts of contacting a minor with intent to commit a sexual offense (§ 288.3, subd. (a)), six counts of sending harmful matter with intent to seduce a minor (§ 288.2, subd. (a)), two counts of attending an arranged illicit meeting with a minor (§ 288.4, subd. (b)), one count of oral copulation by a person over 21 with a person under 16 (§ 287, subd. (b)(2)), two counts of lewd act upon a child 14 or 15 years old (§ 288, subd. (c)(1)), three counts of pandering for prostitution (§ 266i, subd. (a)(6)), one count of attempted lewd act upon a child (§§ 664, 288, subd. (a)), and two counts of arranging a meeting with a minor for lewd and lascivious behavior (§ 288.4, subd. (a)(1).)

Fleer pled guilty to all counts on May 7, 2021. On the plea form and a written addendum, Fleer admitted the factual basis for each of the charged crimes. The trial court gave an indicated sentence of 10-12 years.

In their statement in aggravation for sentencing, the People provided additional details of the crimes not set forth in the admitted factual basis for

---

[1] All further undesignated statutory references are to the Penal Code.

Fleer's guilty plea. The People asserted that Fleer, who was a deputy sheriff for the San Diego County Sheriff's Department at the time of the crimes, had used Snapchat to initiate contacts with dozens of girls between the ages of nine and 14 for the purpose of soliciting sex during a two-week period in March and April 2020. In his Snapchat messages, Fleer used graphic sexual language, sent photos of his erect penis, and offered to pay money for sex with minors. He also identified himself as a sheriff's deputy and sent photos of himself in uniform. Many of the victims could not be identified or their ages could not be verified. For one of the victims of the charged offenses, a 14-year-old girl (Jane Doe 1), Fleer arranged to pick her up at her house, drove her to a nearby parking lot, and had her perform oral copulation on him for $100.

The People argued the following circumstances in aggravation: the crimes were carried out with a high degree of callousness; the victims were particularly vulnerable; Fleer induced minors to assist in the commission of his crimes by offering money and gifts to procure other minor victims for prostitution and child molestation; the court's indicated sentencing range meant that it would be imposing concurrent sentences for crimes for which consecutive sentences could be imposed; Fleer carried out the crimes with planning, sophistication, or professionalism; and Fleer took advantage of a position of trust or confidence by making it known to the victims that he was a law enforcement officer and sending photos of himself in uniform. The People conceded that there were two circumstances in mitigation: Fleer had no prior record; and he acknowledged wrongdoing at an early stage of the criminal process. The People requested the maximum sentence of 17 years.

In a statement in mitigation, the defense argued that Fleer had no criminal record; he had accepted responsibility for his conduct; he had

3

voluntarily started psychosexual counseling; he had chosen to plead guilty to all charges so that the victims would not need to testify at a preliminary hearing or trial; and he was sincerely remorseful. The defense further argued that excessive imprisonment would be counter-productive and that Fleer had a high potential for rehabilitation. The defense also submitted a psychological evaluation by Dr. James Reavis, Psy.D. The defense requested a prison sentence of nine years and four months.

The probation department recommended a prison term of 18 years and eight months, with consecutive sentences on all counts. The probation report found three possible circumstances in mitigation: Fleer had no prior record; he voluntarily acknowledged wrongdoing at an early stage; and he expressed remorse through an apology letter he submitted to the probation department. The probation report found five possible circumstances in aggravation: the victims were particularly vulnerable; the manner in which Fleer carried out his crimes indicated planning; Fleer induced the minor victims to procure younger girls to participate in sexual misconduct; Fleer took advantage of a position of trust to commit the offenses; and Fleer had contacted other unidentified minors via Snapchat.

The probation report stated: "Although the apparent aggravating factors appear to outweigh the mitigating factors in this case, the probation officer recommends the imposition of the middle term as to all counts in the interest of justice, given the defendant's lack of criminal record and his overall exposure to State Prison."

At the sentencing hearing, the prosecutor asked the trial court to achieve its indicated sentence by imposing an upper term on count 19 as the principal term, rather than a lower term with more consecutive time on the

4

other counts, because she feared that Fleer would otherwise be eligible for parole "in as little as two years" under Proposition 57.

On June 18, 2021, the trial court sentenced Fleer to a total of 12 years in prison. Based on the prosecutor's statement in aggravation and the probation report, the court stated, "I have never seen a more despicable set of facts as I've seen in this case." The court explained that "the intensity of this is what's just mind[-]boggling to me" and "[i]n reading about the 41 other girls who were contacted just makes this case look that much more devastating and despicable." The court concluded that Fleer was "a sexual predator . . . to young teenage and pre-teenage girls." However, the court also noted that the character letters submitted on Fleer's behalf and his apology letter suggested "he is a pretty decent man" and "caring individual" and "he did serve the community as a deputy sheriff" and "had a pretty good career as a deputy sheriff."

As the prosecutor requested, the court designated count 19 as the principal term, and imposed the upper term of six years. It imposed one-third the middle term—8 months each— for counts 2, 3, 7, 10, 11, 14, 15, and 16, and ran those consecutively. The court also imposed the upper term for nine other counts, but stayed these sentences or ran them concurrently (counts 1, 4, 5, 6, 8, 9, 12, 13, and 17).

In imposing the upper term on count 19, the court explained that it was doing so "for reasons that [the prosecutor] stated because it is not within at least my expectation with why I gave that indicated sentence that he would be eligible for earlier parole than what I expected at the time, and if [the prosecutor] feels it's better for an upper term, then I will do that and have less consecutive time." The court did not identify any aggravating circumstances as a basis for imposing the upper terms.

5

The court declined to impose the maximum sentence and explained: "I am giving Mr. Fleer a great deal of credit because he did plead guilty . . . to all the charges . . . before the preliminary hearing which prevented these young victims from having to come to court and testify and to have to relive this horrible experience that they had to go through." "So I believe strongly that he deserves some credit for acknowledging his wrongdoing at an early stage of the proceedings and, most importantly, not putting these poor girls through this again."

Fleer filed a timely notice of appeal. On January 1, 2022, while this appeal was pending, Senate Bill No. 567 went into effect.

DISCUSSION

The sole issue on appeal is whether Fleer is entitled to a remand for resentencing under the ameliorative sentencing provisions of Senate Bill No. 567. We conclude that he is.

At the time of Fleer's sentencing, section 1170, subdivision (b), provided that the choice between a lower, middle, or upper term "shall rest within the sound discretion of the court" and stated that "[t]he court shall select the term which, in the court's discretion, best serves the interests of justice." (Former § 1170, subd. (b).) Under this version of the statute, trial courts were "free to impose an upper term without engaging in additional factfinding." (*People v. Pham* (2009) 180 Cal.App.4th 919, 930.)

Effective January 1, 2022, Senate Bill No. 567 amended section 1170, subdivision (b), by making the middle term of imprisonment the presumptive sentence and limiting a court's discretion to impose the upper term. As amended, subdivision (b)(1) now states that "the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph(2)." (§ 1170, subd. (b)(1).)

6

Subdivision (b)(2) states in relevant part: "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).)

The People do not dispute that Senate Bill No. 567 is an ameliorative change in sentencing law that applies retroactively to cases not yet final on appeal under *Estrada*. (*People v. Jones* (May 24, 2022, A160328) ___ Cal.App.5th ___ [2022 Cal.App. Lexis 451].) Nevertheless, the People argue that Fleer is not entitled to resentencing under Senate Bill No. 567 because his guilty plea included a waiver of his constitutional rights under *Blakely v. Washington* (2004) 542 U.S. 296 (*Blakely*), which held that the Sixth Amendment prohibits courts from enhancing criminal sentences based on facts other than those decided by the jury or admitted by the defendant. The People assert that "*Blakely* expressly allows defendants to consent to judicial factfinding of the aggravating facts, which appellant did by signing a *Blakely* waiver with his plea" and the "*Blakely* waiver effectively stipulated to the aggravating facts the trial court found to support imposition of an upper term . . . ."

For several reasons, we are not persuaded by this argument. First, in his *Blakely* waiver, Fleer waived the following constitutional rights as part of his guilty plea: (1) the right to a speedy and public trial by jury; (2) the right to confront and cross-examine the witnesses against him; (3) the right to remain silent; and (4) the right to present evidence. But Fleer did *not* waive his *Estrada* right to be resentenced under ameliorative changes to the

sentencing laws that took effect after his guilty plea and during the pendency of his appeal. As noted, Senate Bill No. 567 limited the broad discretion trial courts previously had to impose an upper term under the version of section 1170, subdivision (b) in effect at the time of Fleer's sentencing. Prior to its passage, California courts held that the preexisting version of section 1170, subdivision (b) did not violate a defendant's federal constitutional rights under *Blakely* and related cases. (*People v. Wilson* (2008) 164 Cal.App.4th 988, 992; accord *People v. Sandoval* (2007) 41 Cal.4th 825, 844.) Fleer's *Blakely* waiver arguably waived little if anything when it was agreed to in April 2021, but the circumstances (and Fleer's rights) were markedly different in January 2022 when Senate Bill No. 567 became effective.

Second, as Fleer argues in his reply brief, such a waiver of *Estrada* rights would be invalid and void as against public policy. Section 1016.8, subdivision (a)(4) provides: "A plea bargain that requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent." (§ 1016.8, subd. (a)(4).) Subdivision (b) further provides: "A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy." (§1016.8, subd. (b).) Thus, even if the People were correct that Fleer's *Blakely* waiver extended to his right to be resentenced under the ameliorative provisions of Senate Bill No. 567, such a waiver would not be knowing and intelligent and would be "void as against public policy." (§ 1016.8, subd. (b).)

Finally, we reject the People's argument that Fleer's "*Blakely* waiver effectively stipulated to the aggravating facts the trial court found to support imposition of an upper term . . . ." Nothing in the *Blakely* waiver can be construed as a stipulation to the existence or truthfulness of any specific aggravating fact or facts. The People's brief does not specify what aggravating facts Fleer supposedly stipulated to or the trial court relied on in imposing the upper terms. In fact, the trial court did not mention any specific aggravating facts when it imposed the upper terms. From the transcript, it appears that the court deferred to the prosecutor's request to impose an upper term on count 19 to ensure that Fleer would not be eligible for probation "in as little as two years." Under the version of section 1170 now in effect, this would not constitute a "circumstance[] in aggravation of the crime." (§ 1170, subd. (b)(2).) Moreover, Fleer's admission of the factual basis for his crimes did not mention any of the specific aggravating facts cited in the probation report or the People's statement in aggravation. (Cf. *People v. French* (2008) 43 Cal.4th 36, 50-52 [defendant's stipulation to factual basis of crimes did not constitute admission to aggravating circumstance].) Thus, the record does not support the People's argument that Fleer stipulated to any aggravating fact relied on by the trial court to impose any of the upper terms.

In sum, we find that Fleer is entitled to resentencing under the ameliorative sentencing provisions of Senate Bill No. 567 that went into effect while this appeal was pending. We emphasize that we express no view as to the sentence Fleer should receive on remand, or whether upper terms should be imposed under the version of section 1170, subdivision (b) now in effect.

## DISPOSITION

The case is remanded for resentencing consistent with Penal Code section 1170, subdivision (b). Upon resentencing, the court is directed to prepare and forward an amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

BUCHANAN, J.

WE CONCUR:

HALLER, Acting P. J.

DATO, J.

10