Filed 9/26/22 P. v. McGee CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL JERRYDUANE MCGEE II,<br><br>Defendant and Appellant. | F081736<br><br>(Super. Ct. Nos. CRF55189, CRF55565, CRF60031, CRF62594)<br><br>**OPINION** |

-ooOoo-

**THE COURT**<sup>*</sup>

APPEAL from judgments of the Superior Court of Tuolumne County. Kevin M. Seibert, Judge.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Robert Gezi, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

<sup>*</sup>     Before Levy, Acting P. J., Peña, J. and Snauffer, J.

Defendant Michael JerryDuane McGee II pled guilty to eight offenses across four criminal cases. He was sentenced on all four cases on the same date to an aggregate term of eight years. The sentence included imposition of the upper term on one count 1. On appeal, he contends his sentence must be vacated in light of Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567), which modified Penal Code section 1170, subdivision (b),[1] to require that the circumstances in aggravation be found true by a jury beyond a reasonable doubt or be stipulated to by the defendant and to require imposition of the middle term of imprisonment unless circumstances in aggravation justify imposition of a greater sentence. (Stats. 2021, ch. 731, § 1.3.) Defendant contends his sentence must be vacated because he did not stipulate to the truth of the circumstances in aggravation and the trial court did not find them true beyond a reasonable doubt. The People disagree, arguing that defendant waived his right to a jury trial on aggravating circumstances. Defendant responds that his limited waiver to the right to a jury trial on sentencing factors did not extend to waiving the benefits that had not yet been conferred by Senate Bill 567.

We vacate defendant's sentence and remand for resentencing consistent with amended section 1170, subdivision (b). In all other respects, we affirm.

## PROCEDURAL SUMMARY

On December 19, 2017, the Tuolumne County District Attorney filed a criminal complaint in Tuolumne County Superior Court case No. CRF55189, charging defendant with inflicting corporal injury to a person who was in a dating relationship with defendant (§ 273.5, subd. (a); count 1), misdemeanor disobeying a court order (§ 166, subd. (a)(4); count 2), and two counts of misdemeanor battery (§ 242; counts 3 & 4). On January 31, 2018, the complaint was deemed an information.

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

On February 5, 2018, the Tuolumne County District Attorney filed a criminal complaint in Tuolumne County Superior Court case No. CRF55565, charging defendant with failure to appear (§ 1320, subd. (b); count 1). The complaint further alleged that defendant was released from custody on bail or on his own recognizance in case No. CRF55189 on the date of commission of count 1 (§ 12022.1). On February 21, 2018, defendant waived a preliminary hearing on the complaint and the trial court deemed the complaint an information.

On April 2, 2018, defendant pled guilty to all counts in case Nos. CRF55189 and CRF55565 and admitted the on-bail or own recognizance allegation in case No. CRF55565, all pursuant to a negotiated plea agreement.[2] The plea agreement provided that defendant would be granted a five-year term of probation and would serve one year in county jail as a condition of probation.

On May 1, 2018, in case Nos. CRF55189 and CRF55565, the trial court suspended imposition of sentence and granted defendant probation for five years. Among the terms and conditions of probation was the requirement that defendant serve one year in county jail (nine months in case No. CFR55189 and three consecutive months in case No. CRF55565).

On June 18, 2019, defendant's probation officer filed petitions in case Nos. CRF55189 and CRF55565, alleging that defendant violated probation.

---

[2] On the same date, defendant also pled guilty to other offenses which are not the subject of this appeal in Tuolumne County Superior Court case Nos. CRM54998 and CRM55121. Defendant was later sentenced regarding those other cases on the same date that he was sentenced in case Nos. CRF55189 and CRF55565 and violated supervision in those other cases on the same date that he violated probation in case Nos. CRF55189 and CRF55565.

On July 3, 2019, defendant admitted violations of probation in case Nos. CRF55189[3] and CRF55565.

On August 2, 2019, the Tuolumne County District Attorney filed an information in Tuolumne County Superior Court case No. CRF60031, charging defendant with unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a); count 1) and receiving a stolen vehicle (§ 496d, subd. (a); count 2).

On December 9, 2019, defendant pled guilty to counts 1 and 2 of case No. CRF60031 without a plea agreement. The trial court released defendant on his own recognizance with the requirement that he return for sentencing on January 6, 2020.

Defendant did not appear at the sentencing hearing on January 6, 2020.

On February 27, 2020, the Tuolumne County District Attorney filed a complaint in Tuolumne County Superior Court case No. CRF62594, alleging defendant failed to appear for court on January 6, 2020, as required (§ 1320, subd. (b); count 1). The complaint further alleged that defendant was released from custody on bail or his own recognizance on the date he committed the offense (§ 12022.1). On May 8, defendant waived a preliminary hearing on the complaint and the trial court deemed the complaint an information.

On July 6, 2020, defendant pled guilty to count 1 in case No. CRF62594 pursuant to a negotiated plea agreement. The plea agreement provided that in exchange for defendant's guilty plea the People would move to strike the section 12022.1 enhancement and seek an eight-month term of imprisonment to run consecutive to the sentence imposed in case No. CRF60031.

On August 17, 2020, the trial court sentenced defendant on case Nos. CRF55189, CRF55565, CRF60031, and CRF62594 to a total term of imprisonment of eight years as

---

[3] The trial court referred to case No. CRF55189 as "55181." However, the minute order correctly reflects that the trial court was referring to case No. CRF55189.

follows: on count 1 of CRF55189, four years (the upper term); on counts 2, 3, and 4 of case No. CRF55189, 180 days concurrent to the sentence on count 1; on count 1 of case No. CRF55565, eight months (one-third of the middle term), plus a two-year enhancement pursuant to section 12022.1, consecutive to the sentence in case No. CRF55189; on count 1 of case No. CRF60031, eight months (one-third of the middle term), consecutive to the sentence in case No. CRF55565; on count 2 of case No. CRF60031, eight months (one-third of the middle term), stayed pursuant to section 654; and on count 1 of case No. CRF62594, eight months (one-third of the middle term), consecutive to the sentence in case No. CRF60031.

On August 27, 2020, defendant filed a notice of appeal in case No. CRF60031. On June 2, 2021, on defendant's motion, this court construed defendant's notice of appeal to be an appeal from case Nos. CRF55189, CRF55565, CRF60031, and CRF62594.

## **DISCUSSION[4]**

Defendant contends the upper term on count 1 of case No. CRF55189 must be vacated and remanded for resentencing in light of Senate Bill 567's amendments to section 1170, subdivision (b). Specifically, he argues that the People did not prove to a jury beyond a reasonable doubt, and he did not admit the truth of, the aggravating factors relied upon by the trial court in imposing the upper term. The People contend that defendant waived his right to a jury trial on sentencing factors pursuant to *Apprendi v. New Jersey* (2000) 530 U.S. 466 and *Blakely v. Washington* (2004) 542 U.S. 296 (*Blakely*). Defendant replies that at the time he entered his guilty plea in case No. CRF55189, April 2, 2018, the right to a jury trial on all aggravating factors to be proved beyond a reasonable doubt did not exist and he therefore could not have voluntarily

---

[4] Defendant's argument on appeal relates only to sentencing issues. For that reason, we omit any summary of the facts relating to the offenses of conviction.

5.

waived that right. We agree with defendant. We remand defendant's case for resentencing.

## I. Background

On April 2, 2018, defendant entered a plea agreement in case No. CRF55189, which contained, among other things, the following waiver:

> "***Apprendi-Blakely Waiver*:** I hereby give up the right to a jury or court trial as to any sentencing factors that may be used to increase my sentence on any count, sentencing enhancement or allegation to the upper or maximum term provided by law. I hereby give up the right to a jury or court trial on any sentencing factors and consent to the judge determining the existence of any sentencing factors with the judge's discretion as allowed by existing statutes and rules of court. I also agree this waiver shall apply to any future sentence imposed following the revocation of probation."

Defendant initialed the boxes indicating that he "underst[oo]d this right [and] … g[a]ve up this right." Defendant further acknowledged during the change of plea colloquy that he initialed those boxes.

On August 17, 2020, at the sentencing hearing for case Nos. CRF55189, CRF55565, CRF60031, and CRF62594, the trial court imposed the upper term of four years on count 1 of case No. CRF55189 and outlined the following circumstances in aggravation:

> "[(1)] [D]efendant took advantage of a position of trust and confidence when he committed the offense. [(2)] His prior convictions are numerous and increasing in seriousness[.] [(3)] [H]e had served a prior [section] 1170[, subdivision] (h) … term. [(4)] He was on probation [and] mandatory supervision when this crime was committed, and [(5)] his prior performance on probation and mandatory supervision was unsatisfactory."

The trial court found no circumstances in mitigation. None of the aggravating circumstances were proved to a jury.

## II. Analysis

From March 30, 2007, to January 1, 2022, California's determinate sentencing law specified that "[w]hen a judgment of imprisonment [wa]s to be imposed and the statute specifie[d] three possible terms, the choice of the appropriate term … rest[ed] within the sound discretion of the court." (§ 1170, former subd. (b).)

Effective January 1, 2022, Senate Bill 567 amended section 1170, subdivision (b). (Stats. 2021, ch. 731, § 1.3.) Section 1170, subdivision (b)(2) now provides, "[t]he court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) As an exception to the general rule, a trial court is permitted to rely upon a certified record of conviction to determine prior criminality for purposes of sentencing without submitting the prior conviction to a jury. (§ 1170, subd. (b)(3).) Further, section 1170, subdivision (b)(5) requires the trial court to "set forth on the record the facts and reasons for choosing the sentence imposed."

As a threshold matter, the parties agree, as do we, Senate Bill 567 is retroactive to cases not yet final on appeal pursuant to *In re Estrada* (1965) 63 Cal.2d 740 (see *People v. Flores* (2022) 73 Cal.App.5th 1032, 1038–1039 [remanding for resentencing under another ameliorative amendment to section 1170 by Senate Bill 567]) and defendant's sentence is not yet final on appeal. However, the parties' agreement does not extend to the appropriate outcome in this case.

The People correctly chart the legal landscape that preceded Senate Bill 567: From 1977 to March 29, 2007, California's former determinate sentencing law provided, in relevant part, that "the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime." (§ 1170, former subd. (b).) The United States Supreme Court considered former section 1170, subdivision (b), in

7.

*Cunningham v. California* (2007) 549 U.S. 270 (*Cunningham*), where it held that California's former determinate sentencing law violated the Sixth Amendment right to a jury trial because it permitted a trial judge to determine facts (other than a prior conviction) that would allow imposition of a sentence in excess of the statutory maximum,[5] as prohibited in *Apprendi* and *Blakely*, to name only two. (*Cunningham*, *supra*, 549 U.S. at pp. 275–276.) As *Cunningham* explained, the Supreme Court had long held that any fact that permitted imposition of a sentence beyond the statutory maximum had to be proved to a jury beyond a reasonable doubt. (*Id.* at p. 281.) Under the then-existing statutory scheme, the circumstances in aggravation or mitigation—and the underlying facts related to those circumstances—were to be determined by the trial court, not the jury. (*Id.* at p. 278.) The Supreme Court therefore determined that the imposition of an upper term without having the facts underlying the aggravating circumstances proved to a jury beyond a reasonable doubt violated the Sixth Amendment. (*Id.* at p. 293.)

In response to *Cunningham*, our Legislature modified section 1170, as noted above, to place the determination between the upper, middle, and lower terms "within the sound discretion of the court." (§ 1170, former subd. (b); Stats. 2007, ch. 3, § 2; see *People v. Wilson* (2008) 164 Cal.App.4th 988, 992.) In exercising its discretion under former section 1170, California Rules of Court, former rule 4.420(b) provided that "the sentencing judge may consider circumstances in aggravation or mitigation, and any other factor reasonably related to the sentencing decision." But the rule contained no requirement that those circumstances be proved to a jury or admitted by the defendant.

---

[5]    In the Sixth Amendment context, the statutory maximum " 'is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.' " (*Cunningham*, *supra*, 549 U.S. at p. 275, quoting *Blakely*, *supra*, 542 U.S. at pp. 303–304.)

(Cal. Rules of Court, former rule 4.420(b).) That was the law in effect at the time of defendant's sentencing in this case.

In 2022, Senate Bill 567 returned the determinate sentencing law to a pre-*Cunningham* form, with the modification that circumstances in aggravation must be proved to a jury beyond a reasonable doubt, stipulated to by the defendant, or be facts of prior criminality based on certified records of conviction. (§ 1170, subd. (b)(2), (3).)

The People emphasize that a defendant is permitted to waive his right to a jury trial on sentencing factors that permit a trial court to impose a sentence above the statutory maximum. (See *Blakely*, *supra*, 542 U.S. at p. 310.) However, the People ignore the fact that at the time of defendant's change of plea, he had no right to a jury trial on aggravating circumstances. Defendant's *Apprendi/Blakely* waiver arguably waived little, if anything, when it was agreed to in April 2018, but the circumstances (and defendant's rights) were markedly different in January 2022 when Senate Bill 567 became effective.

Further, the plea agreement did not purport to include a waiver of future unknown ameliorative changes in the law. Even if it had, such a waiver would be invalid and void as against public policy. Section 1016.8, subdivision (a)(4) provides: "A plea bargain that requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent." (§ 1016.8, subd. (a)(4).) Subdivision (b) further provides: "A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy." (§ 1016.8, subd. (b).) Thus, even if the People were correct that defendant's *Apprendi/Blakely* waiver extended to his right to be resentenced under the ameliorative provisions of Senate Bill 567, such a waiver would

not be knowing and intelligent and would be "void as against public policy." (§ 1016.8, subd. (b).)

In sum, defendant did not, and could not, have waived the benefit of the ameliorative change in law effected by Senate Bill 567 when he pled guilty in 2018.

Turning to the impact of amended section 1170, subdivision (b), we review the aggravating circumstances relied upon by the trial court. The trial court found that "[(1)] defendant took advantage of a position of trust and confidence when he committed the offense[,] [(2)] [h]is prior convictions [were] numerous and increasing in seriousness, … [(3)] he had served a prior [section] 1170[, subdivision] (h) … term[,] [(4)] [h]e was on probation [and] mandatory supervision when this crime was committed, and [(5)] his prior performance on probation and mandatory supervision was unsatisfactory." None of those factors were proved true to a jury beyond a reasonable doubt and the record does not demonstrate that the trial court relied on any certified record of defendant's convictions or that defendant stipulated to the truth of any aggravating circumstances save for admitting violations of mandatory supervision and probation.[6] Because the upper term was imposed on count 1 of case No. CRF55189, however, the facts underlying the aggravating circumstances were not proved in compliance with amended section 1170, subdivision (b), defendant's sentence must be vacated and the matter remanded to the trial court for resentencing.[7]

---

[6] The record does indicate that defendant faced a petition that alleged he had violated mandatory supervision in two cases on the date he waived a preliminary hearing in case No. CRF55189. He admitted those violations of mandatory supervision. However, the record does not contain those petitions or the allegations regarding how defendant violated mandatory supervision in those prior cases.

The record also indicates that defendant admitted violations of probation in case Nos. CRF55189 and CRF55565 for failing to complete a domestic violence program and failing to participate in the day reporting center program, respectively.

[7] The People do not argue that the error was harmless and we do not consider the issue.

10.

## **DISPOSITION**

Defendant's sentences in case Nos. CRF55189, CRF55565, CRF60031, and CRF62594 are vacated, and the matters are remanded for resentencing in light of amended section 1170, subdivision (b). In all other respects, we affirm.