Filed 10/3/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>SUNEE LYNN MITCHELL,<br><br>          Defendant and Appellant. | A163476<br><br>(Mendocino County Super. Ct. No. SCUKCRCR2021373081) |

Appellant Sunee Lynn Mitchell appeals from a judgment that sentenced her to six years in state prison following a stipulated plea agreement.  Appellant challenges this sentence based on Senate Bill No. 567 (2020–2021 Reg. Sess.) (SB 567), which became effective on January 1, 2022, and limits the trial court's ability to impose upper term sentences absent a stipulation by the defendant or a finding of aggravating circumstances at trial.  (Penal Code[1] § 1170, subd. (b).)  Appellant further argues that the fines imposed against her should be stricken or reduced on the grounds of ineffective assistance of counsel.  We find that appellant is not entitled to relief and affirm.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

1

# I. BACKGROUND

On November 29, 2020, a police officer was driving in his patrol vehicle when he observed appellant driving recklessly down the street. Nearby witnesses reported to the officer that appellant was doing donuts in a parking lot and tried to hit them with her car. The officer activated his emergency lights and siren to pursue appellant. Appellant sped up and drove through an intersection while the traffic signal was red. At one point during the pursuit, appellant made a U-turn and drove directly towards the officer's vehicle. The officer reversed to avoid being struck as appellant came within a foot of hitting his vehicle. Another officer arrived to assist, but appellant continued driving at a high speed and ignored their commands to stop. When appellant finally came to a stop, she refused to get out of her vehicle, which prompted an officer to break the driver's side window in order to detain appellant. Appellant was arrested and transported to the police department, where she submitted a breath sample. Her blood alcohol content (BAC) was 0.183 percent.

Appellant was charged with assault on a peace officer (§ 245, subd. (c); count 1), assault with a deadly weapon (§ 245, subd. (a)(1); count 2), driving against the flow of traffic while evading a peace officer (Veh. Code, § 2800.4; count 3), reckless driving while evading a peace officer (Veh. Code, § 2800.2, subd. (a); count 4), driving under the influence of alcohol (Veh. Code, § 23152, subd. (a); count 5), and driving with a BAC of .08 percent or more (Veh. Code, § 23152, subd. (b); count 6). Count 6 was enhanced with a special allegation that appellant was driving with a BAC of 0.15 percent or more (Veh. Code, § 23578). The information further alleged that appellant had a prior strike conviction for second degree robbery.

On July 15, 2021, pursuant to a stipulated plea agreement, appellant pleaded no contest to reckless driving while evading a peace officer (count 4) and to driving with a BAC of .08 percent or more (count 6) and admitted to the strike allegation for second degree robbery. As a factual basis for the plea, appellant stated that she "drove recklessly while evading police officer, whose vehicle displayed red/blue flashing lights and siren, and was clearly marked." The agreement included a sentence of six years imprisonment comprised of the upper term of three years on count 4, doubled due to the strike prior. The sentence on count 6 was to run concurrently to count 4. The prosecution agreed to dismiss the remaining counts.

On August 11, 2021, the trial court sentenced appellant to six years imprisonment pursuant to the parties' plea agreement. Additionally, the court ordered that appellant pay $1,800 in restitution under Vehicle Code section 1202.4, subdivision (b), $5,129 under Vehicle Code section 2800.2, and $2,622.08 under Vehicle Code section 23536, subdivision (a).[2] Appellant's counsel did not object to these fines and commented that he did not think the court had the option to suspend the fine under Vehicle Code section 2800.2 since it was "mandatory."

Appellant now appeals.

## II. <u>DISCUSSION</u>

Appellant contends she is entitled to have her six-year sentence on count 4 reduced to the middle term of two years, doubled to four years based on her strike prior, due to the passage of SB 567 which became effective on

---

[2] At the sentencing hearing, the trial court imposed a fine of $2,622.08 under Vehicle Code section 23536, subdivision (a). The minute order and abstract of judgment however, reflected a slightly different amount of $2,622.60. The trial court's oral judgment controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

January 1, 2022. Appellant argues that SB 567 should apply retroactively to her. Respondent agrees that SB 567 applies retroactively to appellant's case but argues that remand is not warranted because appellant's sentence was imposed pursuant to a stipulated plea agreement. Appellant further contends that the $5,129 fine imposed under Vehicle Code section 2800.2 should be stricken and that the $2,622.08 fine imposed under Vehicle Code section 23536, subdivision (a) should be reduced because she received ineffective assistance of counsel. We reject appellant's claims and affirm.

A. <u>History of Senate Bill No. 567</u>

At the time appellant was sentenced in August 2021, former section 1170, subdivision (b) provided the trial court with broad sentencing discretion to determine whether the imposition of the lower, middle, or upper term "best serve[d] the interests of justice." Prior to 2007, an older version of section 1170, subdivision (b) provided that the middle term was the presumptive term but authorized the trial court to impose the upper term if it found any aggravating circumstances. In 2007, the United States Supreme Court found this sentencing scheme unconstitutional and stated, "under the Sixth Amendment, any fact that exposes a defendant to a greater sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence." (*Cunningham v. California* (2007) 549 U.S. 270, 281.)

In 2007, in response to *Cunningham*, the California Legislature amended section 1170 to provide the "trial judges broad discretion in selecting a term within a statutory range, thereby eliminating the requirement of a judge-found factual finding to impose an upper term. [Citations.] Senate Bill 40 amended section 1170 so that: (1) the middle term is no longer the presumptive term absent aggravating or mitigating

4

facts found by the trial judge; and (2) a trial judge has the discretion to impose an upper, middle or lower term based on reasons he or she states." (*People v. Wilson* (2008) 164 Cal.App.4th 988, 992.)

Most recently, SB 567 further amended section 1170, subdivision (b) "to make the middle term the presumptive sentence for a term of imprisonment; a court now must impose the middle term for any offense that provides for a sentencing triad unless 'there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.' (§ 1170, subd. (b)(1) & (2)).)" (*People v. Lopez* (2022) 78 Cal.App.5th 459, 464.)

B. <u>The Rules of Statutory Interpretation</u>

Before turning to the merits, we briefly discuss the well-established principles of statutory interpretation. "[W]e begin with the text of the relevant provisions. If the text is unambiguous and provides a clear answer, we need go no further. [Citation.] If the language supports multiple readings, we may consult extrinsic sources, including but not limited to the legislative history and administrative interpretations of the language." (*Microsoft Corp. v. Franchise Tax Bd.* (2006) 39 Cal.4th 750, 758.)

Indeed, "[b]oth the legislative history of the statute and the wider historical circumstances of its enactment may be considered in ascertaining the legislative intent." (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387.) "Courts may also consider the purpose of the statute, the evils to be remedied, and the public policy sought to be achieved." (*Weiss v. City of Del Mar* (2019) 39 Cal.App.5th 609, 618.)

C.  Appellant is Not Entitled to Relief Under Amended Section 1170

With the above principles in mind, we now turn to the issue of whether amended section 1170, subdivision (b) applies retroactively to sentences imposed pursuant to stipulated plea agreements.  *People v. Brooks* (2020) 58 Cal.App.5th 1099, is instructive.  There, our colleagues in Division Four held that retroactive relief under amended section 1170.91, "which mandate[s] consideration of trauma resulting from military service as a mitigating factor when a court exercises determinate sentencing triad discretion," (*id.* at pp. 1103–1104) was unavailable where a sentence was imposed pursuant to a stipulated plea agreement.  (*Id*. at p. 1106.)  This court stated, "When a court accepts a plea bargain, the court must impose a sentence within the limits of that bargain.  [Citation.]  Thus, a court may not modify the terms of a plea agreement while otherwise leaving the agreement intact, 'nor may the court effectively withdraw its approval by later modifying the terms of the agreement it had approved.' " (*Id*. at p. 1107.)  This court further commented that a stipulated plea agreement "gave the court no room to exercise discretion in the selection of a low, middle, or high term" under [former] section 1170, subdivision (b).  (*Id*. at p. 1109.)

More recently, in *People v. Flores* (2022) 73 Cal.App.5th 1032, this Division held that a defendant's six-year midterm should be vacated based on the addition of section 1170, subdivision (b)(6)(B) through SB 567, which "created a presumption in favor of a low prison term when a defendant is under 26 years of age at the time of the offense." (*Id*. at p. 1038.)  The parties agreed that the defendant, who was under age 26 at the time of the crime, was entitled to relief, and this court remanded the case to the trial court to decide whether defendant was entitled to be sentenced to a lower term.  (*Id*. at p. 1039.)  Notably, the trial court there had originally exercised

6

its discretion in sentencing the defendant to the midterm of six years, pursuant to the defendant's *open* plea with a maximum term set of eight years in prison. (*Id.* at pp. 1036–1037.)

Here, by contrast, the trial court sentenced appellant to six years imprisonment pursuant to a stipulated plea agreement. The court had no opportunity to exercise any discretion in deciding whether the imposition of the upper, middle, or lower term would best serve "the interests of justice" under former section 1170, subdivision (b). Indeed, when presented with a stipulated plea agreement, a trial court may either accept or reject it. "Should the court consider the plea bargain to be unacceptable, its remedy is to reject it, not to violate it, directly or indirectly." (*People v. Cunningham* (1996) 49 Cal.App.4th 1044, 1047.) Prior to sentencing, the trial court even asked appellant if she understood that "this [was] a stipulated plea agreement, which means that when we come back for sentencing, [appellant] cannot argue for less time, and the district attorney cannot argue for more time." Appellant confirmed her understanding.

Likewise, amended section 1170, subdivision (b)(1) states that where an offense provides for a sentencing triad, the trial court "shall, in its *sound discretion*, order imposition of a sentence not to exceed the middle term except as otherwise provided in paragraph(2)." (Italics added.) This language indicates that the statute was not intended to apply to sentences imposed pursuant to a stipulated plea agreement, as the trial court lacks discretion to select the sentence in the first place.

Even assuming there is some ambiguity as to whether amended section 1170, subdivision (b) was intended to apply to sentences imposed pursuant to stipulated plea agreements, SB 567's legislative history supports our conclusion that it was not. The bill's objective was to require "that any

7

aggravating factors, except for prior convictions, relied upon by the court to impose a sentence exceeding the middle term either for a criminal offense or for an enhancement be submitted to the trier of facts and found to be true, or be admitted by the defendant." (Assem. Com. on Public Safety, analysis of Sen. Bill. No. 567 (2020–2021 Reg. Sess.) as amended May 20, 2021, p. 1.)

The author of the bill discussed the history of section 1170, subdivision (b), beginning with its pre-2007 version that allowed trial courts the discretion to find aggravating circumstances to impose the upper term, the decision in *Cunningham v. California* which held that this provision violated the Sixth Amendment, and the passage of Senate Bill 40 (2007–2008 Reg. Sess.) (SB 40) which created former section 1170, subdivision (b). (Assem. Com. on Public Safety, analysis of Sen. Bill. No. 567 (2020–2021 Reg. Sess.) as amended May 20, 2021, p. 3.) The author then noted that SB 567 would ensure "that aggravating facts are presented to the jury before a judge imposes a maximum sentence as decided in *Cunningham v. California*" and that "individuals facing time have the ample ability to dispute information in the record that might not be true." (Assem. Com. on Public Safety, analysis of Sen. Bill. No. 567 (2020–2021 Reg. Sess.) as amended May 20, 2021, p. 3.)

In the case where there is a stipulated plea like here, there is no occasion for the trial court to find any aggravating facts in order to justify the imposition of an upper term at sentencing. Appellant agreed to a term of six years pursuant to a stipulated plea and the trial court simply sentenced appellant according to the terms of the plea agreement. In fact, it was appellant who offered, as a factual basis for the plea, that she "drove recklessly while evading a police officer" and the trial court accordingly found that a factual basis existed for the plea. The trial court therefore did

8

not exercise any discretion under former section 1170, subdivision (b) in selecting the lower, middle, or upper term. Further, in entering into the plea, appellant knowingly waived her rights to both a jury trial and court trial. Therefore, the concern raised in *Cunningham v. California, supra,* 549 U.S. at p. 293 that a defendant's Sixth Amendment rights are violated when aggravating facts to support an upper term sentence are not found by a *jury* beyond a reasonable doubt does not exist here.

D. <u>Appellant is Not Entitled to Have Her $5,129 Fine Stricken</u>

Appellant argues that the $5,129 fine imposed against her pursuant to Vehicle Code section 2800.2 should be stricken because her counsel was ineffective in not objecting to it. Vehicle Code section 2800.2, subdivision (a) provides that, in addition to imprisonment or confinement, "[t]he court *may* also impose a fine of not less than one thousand dollars ($1,000) nor more than ten thousand dollars ($10,000), or may impose both that imprisonment or confinement and fine." (Italics added.) When the trial court imposed the $5,129 fine at sentencing, appellant's counsel did not object to it and mistakenly stated that the fine was mandatory.

The standard of review for an ineffective assistance of counsel claim is well established. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." (*Strickland v. Washington* (1984) 466 U.S. 668, 687.) However, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged

9

deficiencies." (*Id.* at p. 697.) Indeed, it is often easier to dispose of such a claim based on lack of sufficient prejudice alone. (*Ibid.*)

To prevail on an ineffective assistance of counsel claim, "the petitioner must carry his burden of proving prejudice as a 'demonstrable reality,' not simply speculation as to the effect of the errors or omissions of counsel." (*People v. Williams* (1988) 44 Cal.3d 883, 937.) Here, appellant has not shown that her counsel's failure to object resulted in any demonstrable prejudice. Appellant contends that but for counsel's error, "it is likely that the $5,129 fine would not have been imposed." Appellant offers no evidence in support of this speculative assertion. To the contrary, appellant pleaded no contest to reckless driving while evading a peace officer (Veh. Code, § 2800.2, subd. (a)), which authorizes the imposition of a fine. The amount imposed was pursuant to the probation officer's recommendation. It was also within the statutory range and well below the $10,000 maximum the trial court could have imposed given appellant's reckless and dangerous conduct. Appellant points to nothing in the record to suggest that the trial court would not have imposed this fine had counsel objected.

E. Appellant is Not Entitled to Have Her $2,622.08 Fine Reduced

Appellant next contends that the $2,622.08 fine imposed under Vehicle Code section 23536, subdivision (a) (DUI fine) should be reduced to $1,408 because her counsel was ineffective in not objecting to the higher amount. A fine of not less than $390 and not more than $1,000 was mandatory for a first time DUI offense like appellant's. (Veh. Code, § 23536, subd. (a).) This fine was also subject to a variety of mandatory penalties, assessments, and surcharges. (*In re S.J.* (2020) 50 Cal.App.5th 885, 888.) Three of these penalties were waivable subject to appellant's ability to pay. (Veh. Code, §§ 23645, subd. (a) & 23649, subd. (a); Gov. Code, § 70372, subd. (a)(1).)

10

Even assuming the waiver of these three penalties, the parties do not dispute that the amount that could have been assessed against appellant ranged from $1,408 to $3,604. Appellant argues that had counsel objected, "it is likely that a fine no greater than $1,408 would have been imposed, especially in light of Mitchell's indigency." Again, appellant points to no evidence to support this. A fine of $2,622.08 was well within the statutory range and was approximately the amount recommended by the probation officer. Appellant had also been charged with a special allegation, in connection with the DUI offense (count 6), of driving with a BAC of 0.15 percent or more (Veh. Code, § 23578). Appellant has not shown that any alleged deficiency by her counsel in not objecting resulted in any realistic prejudice.

Moreover, as respondent points out, the decision not to object could have reasonably been a tactical one made by appellant's counsel since the trial court had the ability to impose a significantly greater fine. An ineffective assistance of counsel claim fails where counsel's omission "was a reasonable tactical decision under the circumstances." (*People v. Blomdahl* (1993) 16 Cal.App.4th 1242, 1249.) The trial court also imposed a $1,800 restitution fine under section 1202.4, subdivision (b). This amount was well above the $300 statutory minimum that the court could have elected. (§ 1202.4, subd. (b)(1).) This further supports that the trial court would not have imposed the minimum DUI fine of $1,408 had counsel objected to the higher amount.

### III.  DISPOSITION

The judgment is affirmed.

11

_____

WISEMAN, J. *

We concur.

_____

JACKSON, P. J.

_____

BURNS, J.

*People v. Mitchell* / A163476

_____

&ast; Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

A163476 / People v. Mitchell

Trial Court:      Superior Court of Mendocino County

Trial Judge:     Victoria I. Shanahan

Counsel:     Paul Francois DeMeester, By Appointment of the First District
Court of Appeal under the First District Appellate Project, for Petitioner.

Rob Bonta, Attorney General of California; Lance E. Winters, Chief Assistant
Attorney General; Jeffrey M. Laurence, Senior Assistant Attorney General;
Donna M. Provenzano, Supervising Deputy Attorney General; Jalem Z.
Peguero, Deputy Attorney General for Respondent.