Filed 3/21/23; Certified for Publication 3/28/23 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095843 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE022353) |
| v. | |
| JONY PANTALEON, | |
| Defendant and Appellant. | |

In October 2021, a jury found defendant Jony Pantaleon guilty of 15 counts of committing a lewd and lascivious act on a child under the age of 14 by force, violence, duress, menace, or fear of immediate and unlawful bodily injury (Pen. Code, § 288, subd. (b)(1)[1]; counts 1, 3, 5, 7, 9, 11, 13-21); four counts of sexual intercourse with a child under the age of 10 (§ 288.7, subd. (a); counts 2, 6, 8, 12); one count of oral copulation with a child under the age of 10 (§ 288.7, subd. (b); count 4); one count of oral copulation

---

[1] Undesignated statutory references are to the Penal Code.

1

by force, violence, duress, menace, or fear of immediate and unlawful bodily injury (§ 287, subd. (c)(2)(A); count 23); and one count of rape (§ 261, subd. (a)(2); count 24).[2] In March 2022, after amendments to California's determinate sentencing law went into effect, the trial court sentenced defendant to a determinate term of 111 years in prison plus an indeterminate term of 115 years to life. The trial court also awarded defendant a total of 932 days of custody credit.

On appeal, defendant argues the trial court's imposition of upper term sentences was unauthorized because the People did not plead any aggravating factors as required by current law. Additionally, defendant argues, and the People concede, the abstract of judgment and minute order must be corrected to reflect the custody credits awarded by the court at his sentencing. We will accept this concession and order the abstract of judgment and minute order corrected to conform to the trial court's oral pronouncement of judgment. Because the People were not required to plead aggravating factors relating to defendant's prior convictions, the judgment is affirmed.

## I.  BACKGROUND

A.    *Legal Background*

To contextualize defendant's assertion that his upper term determinate sentences were unauthorized, we begin with a brief overview of the recent history of California's determinate sentencing law.

In *Cunningham v. California* (2007) 549 U.S. 270 (*Cunningham*), the United States Supreme Court considered an earlier version of section 1170, subdivision (b), that stated "that 'the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime,' " and further provided that " '[c]ircumstances in aggravation or mitigation' are to be determined by the court after

---

[2] Following the close of the People's case, the trial court granted the People's motion to dismiss counts 10 and 22 for insufficient evidence.

consideration of several items." (*Cunningham, supra*, at p. 277.) The court held California's determinate sentencing law violated a defendant's right to a trial by jury because it authorized a judge to find the facts permitting an upper term sentence. (*Id*. at pp. 274, 293.) The court explained the law violated "*Apprendi*'s bright-line rule: Except for a prior conviction, 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' " (*Id.* at pp. 288-289, quoting *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490 (*Apprendi*).)

California's determinate sentencing law was subsequently amended to comply with the constitutional requirements of *Cunningham* by allowing judges broad discretion in selecting a term within a statutory range rather than by submitting aggravating factors to a jury.[3] (*People v. Wilson* (2008) 164 Cal.App.4th 988, 992.) Thus, at the time of defendant's conviction, section 1170, subdivision (b) stated: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court." (Stats. 2020, ch. 29, § 14.) Under these changes, "the middle term [was] no longer the presumptive term absent aggravating or mitigating facts found by the trial judge." (*Wilson, supra*, p. 992.)

---

[3] Before section 1170 was amended, this court held in *Barragan v. Superior Court* (2007) 148 Cal.App.4th 1478, that a prosecutor could amend an information to allege aggravating facts for purposes of sentencing. (*Id*. at p. 1482.) We explained that to conclude otherwise "would not only implicate due process concerns, it would create an absurd result, i.e., the prosecution would be unable to comply with the *Cunningham* holding that precludes an aggravating fact (other than a prior conviction) from being used to impose the upper term unless the fact has been submitted to a jury and proved beyond a reasonable doubt." (*Id.* at pp. 1483-1484.) After section 1170 was amended, a different court of appeal disagreed with *Barragan* and held that the People cannot allege aggravating circumstances in an information. (*People v. Superior Court* (*Brooks*) (2007) 159 Cal.App.4th 1, 8.)

Prior to defendant's sentencing, with Senate Bill No. 567 (2020-2021 Reg. Sess., Senate Bill No. 567), the Legislature amended the determinate sentencing law effective January 1, 2022. (Stats. 2021, ch. 731, § 1.3.) After these amendments, section 1170, subdivision (b)(1) states, "the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)." The referenced paragraph provides: "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. Except where evidence supporting an aggravating circumstance is admissible to prove or defend against the charged offense or enhancement at trial, or it is otherwise authorized by law, upon request of a defendant, trial on the circumstances in aggravation alleged in the indictment or information shall be bifurcated from the trial of charges and enhancements. The jury shall not be informed of the bifurcated allegations until there has been a conviction of a felony offense." (§ 1170, subd. (b)(2).)

Senate Bill No. 567 did not provide a right to a jury trial with respect to aggravating factors pertaining to prior convictions: "Notwithstanding paragraphs (1) and (2) [of section 1170, subdivision (b)], the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury. This paragraph does not apply to enhancements imposed on prior convictions." (§ 1170, subd. (b)(3).)

B.      *Procedural Background*

A probation report was prepared in October 2021, before Senate Bill No. 567 went into effect, recommending the trial court impose upper terms on each determinate

4

sentence because defendant had engaged in violent conduct indicating a serious danger to society. (Cal. Rules of Court, rule 4.421(b)(1).)[4]

During defendant's March 2022 sentencing hearing, the court and the parties discussed the impact of the recent amendments to section 1170. The prosecutor indicated she did not "intend to put this back in front of the Court to prove aggravating factors" and was requesting the middle term on all of the determinate counts. The trial court stated it did not think the legislative changes would be retroactive, but recognized the question was unresolved. The court noted the aggravating factor cited by the probation department would require a factual finding by a trier of fact if the changes in the law were found to be retroactive. The court also observed that "there is a subset of factors in aggravation that do not require a finding by the trier of fact" including that the defendant's convictions were of increasing seriousness and defendant was on probation or parole when the crime was committed. (Rule 4.421(b)(2), (4).) The court explained that, if it ultimately concluded the upper term was appropriate, "even on the record here and with the changes in the law, there's a basis to make that finding." The parties then argued whether the court should impose upper, middle, or lower terms under amended section 1170.

The court ultimately imposed consecutive upper term sentences for counts 9, 13 through 21, and 24. The court imposed an upper term sentence on count 23 to run concurrent to the upper term on count 24. The court also imposed upper term sentences on counts 1, 3, 5, 7, and 11, but stayed those sentences pursuant to section 654. The court found the conduct defendant was convicted of was violent conduct that indicated a serious danger to society, his convictions were of increasing seriousness, and "most of

---

[4] Undesignated rule references are to the California Rules of Court.

5

the counts" were committed while defendant was on probation.  To support these findings, the trial court judicially noticed defendant's "certified RAP sheet."

## II.  DISCUSSION

*A.      Imposition of Upper Term Determinate Sentences*

Defendant argues, under current law, a factor that is used to "aggravate a determinate term constitutes an enhancement that must be pled and proven."  (Emphasis omitted.)  Previously, it was settled that sentencing factors that guide the court's decisions whether to select the upper, middle, or lower term for an offense need not be charged or alleged.  (*People v. Lara* (2012) 54 Cal.4th 896, 901.)  They were not pled in this case.

We pause briefly to discuss defendant's fleeting references to a requirement that aggravating factors be proven.  As set forth above, the trial court explained that if amended section 1170 applied to defendant's sentencing, its decision to impose upper terms complied with the amended law because it was adequately supported by facts that did not need to be submitted to a jury.  The trial court was correct in this regard.  "The United States Supreme Court consistently has stated that the right to a jury trial does not apply to the fact of a prior conviction."  (*People v. Black* (2007) 41 Cal.4th 799, 818.)  Section 1170, subdivision (b)(3) preserves this distinction.  Further, the fact of a prior conviction includes "other related issues that may be determined by examining the records of the prior convictions."  (*Black, supra*, at p. 819.)  As relevant to this appeal, the fact of a prior conviction encompasses a finding that prior convictions are numerous or of increasing seriousness, and a finding that defendant was on probation or parole at the time the crime was committed.  (*People v. Towne* (2008) 44 Cal.4th 63, 70-71; *Black, supra*, at pp. 819-820.)  As the People note, defendant only argues the imposition of upper terms was improper because he lacked notice, and he has forfeited any assertion that the trial court engaged in any improper fact finding by failing to raise it.  Similarly,

6

defendant has forfeited any assertion that he was prejudiced by any improperly found facts. With that in mind, we return to the arguments defendant does raise.

Defendant argues his sentence is unauthorized and we may therefore address his claim for the first time on appeal because section 1170.1, subdivision (e) imposes a pleading requirement that was not complied with. Putting aside defendant's possible forfeiture of this issue (see *People v. Anderson* (2020) 9 Cal.5th 946, 962 [imposition of an unpled enhancement is not always subject to the unauthorized sentence exception]), defendant has failed to demonstrate his upper term sentences were unauthorized.

Section 1170.1, subdivision (e) does not apply to factors in aggravation used to impose an upper term. It provides, "[a]ll *enhancements* shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact." (§ 1170.1, subd. (e), italics added.) An "enhancement" is defined by Rule 4.405(5) as "an additional term of imprisonment added to the base term." (See also *Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 898 [citing rule 4.405].) "An example would be subdivision (a) of section 12022.7, which provides that any person who personally inflicts great bodily injury in the commission of a felony shall 'be punished by an *additional*' " three-year term. (*People v. Jefferson* (1999) 21 Cal.4th 86, 101.) "In contrast, a separate offense base term 'involve[s] . . . a choice among three possible terms prescribed by statute.' " (*People v. Rayford* (1994) 9 Cal.4th 1, 9; see also Rule 4.405(2) [" 'Base term' is the determinate or indeterminate sentence imposed for the commission of a crime, not including any enhancements that carry an additional term of imprisonment"].) Hence, defendant's assertion that "a factor in aggravation now adds time to the base term and falls within the traditional definition of an enhancement" is incorrect. A base term is not the lower of the three possible determinate terms prescribed by statute. An upper term is still a base term and not an enhancement under section 1170.1. (*People v. Price* (1984) 151 Cal.App.3d 803, 812.)

7

Defendant argues that "[s]ince the middle term now constitutes the presumptive term and since a defendant is now entitled to a bifurcated trial on a factor in aggravation either before a trial court or a jury," we should conclude "the Legislature has now elevated factors in aggravation to the status of an enhancement." This argument is contradicted by the Legislature's preservation of the distinction between sentencing factors and "enhancements" in sections 1170 and 1170.1. (See, e.g., § 1170, subd. (b)(3) [allowing court to "consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury" but exempting from this "enhancements imposed on prior convictions"], 1170, subd. (b)(5) ["The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law"], 1170.1, subd. (d)(1) ["When the court imposes a sentence for a felony pursuant to Section 1170 . . . the court shall also impose . . . the additional terms provided for any applicable enhancements"], 1170.1, subd. (d)(2) ["The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term"].) Furthermore, defendant cites no authority indicating either a middle term presumption or a bifurcated trial can render a factor in aggravation an enhancement within the meaning of section 1170.1. Indeed, prior to *Cunningham*, the middle term was understood to be the presumptive term. (See *People v. Black* (2005) 35 Cal.4th 1238, 1257, judg. vacated and cause remanded for further consideration in light of *Cunningham, supra*, 549 U.S. 270, *sub nom. Black v. California* (2007) 549 U.S. 1190 ["section 1170, subdivision (b) can be characterized as establishing the middle term sentence as a presumptive sentence"].) At that time, an upper term was not an enhancement. (*People v. Rayford, supra*, 9 Cal.4th at p. 9.) We therefore cannot conclude any middle term presumption would render a factor in aggravation subject to section 1170.1. Additionally, the procedure with respect to relying on prior convictions remains unchanged except for the requirement that the court use a

"certified record of conviction" in its determination. (§ 1170, subd. (b)(3).) Defendant's assertion that the Legislature elevated these aggravating factors to the status of an enhancement within the meaning of section 1170.1's pleading requirement is unpersuasive.

Defendant argues section 1170, subdivision (b)(2)'s reference to "circumstances in aggravation alleged in the indictment or information" indicates the Legislature "expects" aggravating factors "to be pled and proven consistent with the requirements of a traditional enhancement." In relevant part, this provision states, "Except where evidence supporting an aggravating circumstance is admissible to prove or defend against the charged offense or enhancement at trial, or it is otherwise authorized by law, upon request of a defendant, trial on the circumstances in aggravation alleged in the indictment or information shall be bifurcated from the trial of charges and enhancements." (§ 1170, subd. (b)(2).) The statute requires bifurcation of trial on certain circumstances in aggravation that are alleged in an indictment or information but does not itself require that any circumstances in aggravation be alleged in an indictment or information. " ' "[W]hen a pleading and proof requirement is intended, the Legislature knows how to specify the requirement." ' " (*People v. Lara, supra*, 54 Cal.4th at p. 902.) Here, it did not do so. Defendant's assertion that his sentencing violated a statutory pleading requirement is without merit.

Imbedded in defendant's statutory claim is an argument that he has a due process right to fair notice that requires us to imply a pleading requirement. The People correctly observe that defendant offered no argument as to how his constitutional theory of error was preserved for appeal. Rather, defendant cites authority holding that a statutory objection based on section 1170.1, subdivision (e) is not forfeited. (*People v. Nguyen* (2017) 18 Cal.App.5th 260, 272.) This authority explains it "may well be that defense counsel forfeited any constitutional objection based on lack of notice in violation of due process by failing to raise it below." (*Ibid.*)

9

Regardless of whether the issue has been preserved for appeal, defendant's constitutional theory of error is foreclosed by binding authority. In *In re Varnell* (2003) 30 Cal.4th 1132, our Supreme Court held there is no due process right to notice in the accusatory pleading with respect to sentencing factors. (*Id*. at pp. 1135, 1141-1142.) "A 'sentencing factor' is 'a circumstance, which may be either aggravating or mitigating in character, that supports a specific sentence *within the range* authorized by the jury's finding that the defendant is guilty of a particular offense.' " (*Id*. at p. 1135, fn. 3.) The court explained that even if it deemed the sentencing factor at issue "an enhancement, we still could not impose a pleading requirement as a matter of due process, for *Apprendi* does not apply to 'sentence enhancement provisions that are based on a defendant's prior conviction.' " (*Id*. at p. 1142; see *Apprendi, supra*, 530 U.S. at p. 476 [" 'any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt' "].) Defendant has identified no change in the law that would permit us to conclude he now has a due process right to require the People to plead the prior conviction factors cited by the trial court in selecting the upper term sentences. We need not, and do not address, whether other aggravating factors must be pled

We reject defendant's assertion that his sentence was unauthorized because the People did not plead any aggravating factors.

B.      *Custody Credits*

Defendant argues, and the People concede, that defendant's abstract of judgment contains a clerical error misidentifying the custody credits awarded by the trial court at the sentencing hearing. We accept the People's concession. At sentencing, the trial court awarded defendant 811 actual days plus 121 days of "good time" credits (15 percent of 811) for a total of 932 days of custody credits. The abstract of judgment and sentencing minute order accurately state that the trial court awarded defendant 811 actual days but inaccurately state that the court awarded defendant 114 days of "good time" credits and

10

also incorrectly concludes the sum of 811 days and 114 days is 876 days. "An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Likewise, the oral pronouncement of judgment controls over the clerk's minute order. (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2.) We will direct the trial court to issue an amended abstract of judgment and a corrected minute order correcting this clerical error. (*Mitchell, supra*, at p. 188; *People v. Sanchez* (2019) 38 Cal.App.5th 907, 922.)

## III. DISPOSITION

The trial court is directed to prepare an amended abstract of judgment and sentencing minute order to conform to the court's oral pronouncement of judgment with respect to custody credits. The amended abstract of judgment shall be forwarded to the California Department of Corrections and Rehabilitation. The judgment is affirmed.


/S/

_____

RENNER, J.


We concur:

/S/

_____

HULL, Acting P. J.

/S/

_____

McADAM, J.[*]

_____

[*] Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11

Filed 3/28/23

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095843 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE022353) |
| v. | ORDER CERTIFYING OPINION FOR PUBLICATION |
| JONY PANTALEON, | |
| Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |

EDITORIAL LISTING

APPEAL from a judgment of the Superior Court of Sacramento County, Steve W. White, Judge.  Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kimberley A. Donohue and Ross K. Naughton, Deputy Attorneys General, for Plaintiff and Respondent.


THE COURT:

The opinion in the above-entitled matter filed March 21, 2023, was not certified for publication in the Official Reports.  For good cause it appears now that the opinion

1

should be published in the Official Reports, and it is so ordered.  There is no change in judgment.


/S/

_____

HULL, Acting P. J.


/S/

_____

RENNER, J.


/S/

_____

McADAM, J.