Filed 4/28/23  P. v. Wertz CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSHUA WERTZ,<br><br>    Defendant and Appellant. | A165530<br><br>(Lake County<br>Super. Ct. Nos. CR959472,<br>CR962360-C, CR963398) |

Defendant Joshua Wertz (Wertz) challenges the imposition of an upper term sentence under Penal Code[1] section 1170, contending that the trial court failed to comply with the statutory amendments enacted by Senate Bill No. 567.  We affirm.

### BACKGROUND

The sentencing hearing at issue in this appeal consisted of a resentencing in case No. CR959472 (case No. 1) and sentencing on case Nos. CR962360-C (case No. 2) and case No. CR963398 (case No. 3).

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

1

In January 2021, the district attorney filed an amended complaint in case No. 1, charging Wertz with unlawfully taking a motor vehicle with a qualifying prior conviction (Veh. Code, § 10851, subd. (a)), Pen. Code, § 666.5); buying or receiving a stolen vehicle (§ 496d, subd. (a)); and misdemeanor driving without a license (Veh. Code, § 12500, subd. (a)).

On September 20, 2021, Wertz pleaded no contest to unlawfully taking a motor vehicle with a qualifying prior conviction, agreeing to an upper term sentence of four years in county jail in exchange for the dismissal of the remaining counts. The next month, the trial court sentenced Wertz to a split sentence of three years in county jail prison and one year of mandatory supervision.

On January 10, 2022, the district attorney filed a complaint in case No. 2 charging Wertz with grand theft (§ 487, subd. (a)) and making a false statement to obtain aid (Unemp. Ins. Code, § 2101, subd. (a)).

On May 4, 2022, the district attorney filed a complaint in case No. 3 charging Wertz with recklessly evading a peace officer (Veh. Code, § 2800.2, subd. (a)) and evading a peace officer by driving in the opposite direction of traffic (Veh. Code, § 2800.4).

On May 16, 2022, Wertz pleaded no contest to making a false statement to obtain aid in case No. 2 and recklessly evading a peace officer in case No. 3, agreeing to an eight-month prison sentence to be served consecutively with his four-year sentence in

case No. 1 and an eight-month concurrent sentence.[2]  The trial court dismissed the remaining counts at the prosecution's request.

At the sentencing hearing on June 13, 2022, the parties stipulated that the June 2022 probation report prepared for the sentencing could be received into evidence.  Wertz then asserted that he was entitled to resentencing in case No. 1 and should be given the middle term based on a change in law making the middle term the presumptive sentence, and the court received into evidence an October 2021 probation report submitted for the initial sentencing in case No. 1.  The district attorney argued that the upper term should be maintained because the parties stipulated to the sentence and because Wertz had "a substantial prior record."

The trial court determined that it had to resentence Wertz in case No. 1 under the newly amended section 1170.[3]  The court agreed with the prosecution that it could consider Wertz's criminal history and the fact that Wertz was receiving a

---

[2] The waiver of rights form signed and initialed by Wertz states that the parties agreed to a state prison sentence of "8 months with [case No. 2] and [case No. 3] to running [sic] concurrent with each other and consecutive to current term being served in [case No. 1]."

[3] Citing *People v. Conatser* (2020) 53 Cal.App.5th 1223, 1229, and *People v. Lopez* (2020) 57 Cal.App.5th 409, 414, the Attorney General states on appeal that, because the trial court initially imposed a four-year split sentence pursuant to section 1170, subdivision (h), the judgment in case No. 1 had not become final before the June 13, 2022 hearing for purposes of retroactive ameliorative legislation.

concurrent sentence rather than a consecutive sentence pursuant to his plea agreement in case Nos. 2 and 3.

After stating that it had read and considered the probation reports, the court made the following findings in aggravation: Wertz was convicted of other crimes for which consecutive sentences could be imposed; his prior convictions as an adult were numerous and increasing in seriousness; he had served three prison terms; his prior performance on supervision was unsatisfactory; and he was in custody when he committed the offense in case No. 2. The court found in mitigation that Wertz voluntarily admitted wrongdoing at an early stage of the proceedings and then it found that the aggravating circumstances outweighed those in mitigation. The court imposed the upper term of four years in case No. 1, making it the principal term. The court imposed a concurrent, lower term sentence of 16 months in case No. 2, and an eight-month (one-third of the middle term) subordinate consecutive term in case No. 3. Wertz timely appealed.[4]

## DISCUSSION

Wertz's contention on appeal is that, in imposing the upper term sentence in case No. 1, the trial court failed to comply with section 1170, as amended by Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3). The Attorney General counters that Wertz's claim is forfeited, and that this court should affirm for the additional

---

[4] Because the facts underlying the offenses in the pertinent cases are not relevant to the claims in this appeal, we omit a factual summary of the offenses.

reason that Senate Bill No. 567 affords no relief to a defendant who agreed to a plea with a stipulated sentence. As set forth below, we affirm because we find that Wertz forfeited his claim of error under section 1170, and, to the extent that he asserts a constitutional claim under the Sixth Amendment to the United States Constitution, his claim lacks merit.

## I. Relevant Law

To contextualize Wertz's arguments on appeal, we begin with a brief overview of the history of California's determinate sentencing law.

In *Cunningham v. California* (2007) 549 U.S. 270 (*Cunningham*), the United States Supreme Court considered an earlier version of section 1170, subdivision (b), which stated "that 'the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime,' " and further provided that " '[c]ircumstances in aggravation or mitigation' are to be determined by the court after consideration of several items." (*Cunningham*, at p. 277.) The high court held California's determinate sentencing law violated a defendant's Sixth Amendment right to a trial by jury because it authorized a judge to find the facts permitting an upper term sentence. (*Id.* at pp. 274, 293.) The court explained the law violated "*Apprendi*'s[5] bright-line rule: Except for a prior conviction, 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' " (*Cunningham*, at pp. 288–289.)

---

[5] *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*).

In *People v. Sandoval* (2007) 41 Cal.4th 825, the California Supreme Court considered whether an upper term sentence imposed pursuant to the pre-*Cunningham* determinate sentencing law—i.e., imposed over the middle term based on judicial findings of fact on circumstances in aggravation—was harmless error under the Sixth Amendment. (*Sandoval*, at p. 837.) In *Sandoval*, the trial court had relied upon multiple aggravating circumstances, none of which were proven to a jury, admitted by the defendant, or based on the fact of a prior conviction. (*Id.* at pp. 837–838.) The upper term sentence therefore violated *Cunningham*. To assess harmless error, *Sandoval* articulated the following standard: "[I]f a reviewing court concludes, beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true at least a single aggravating circumstance had it been submitted to the jury, the Sixth Amendment error properly may be found harmless." (*Sandoval*, at p. 839.) So long as one aggravating circumstance has been established consistently with Sixth Amendment principles—by the jury's verdict, the defendant's admissions, or the fact of a prior conviction—the federal constitution does not prohibit a trial court from relying on additional aggravating circumstances to impose an upper term sentence. (*Sandoval,* at pp. 838–839; *People v. Black* (2007) 41 Cal.4th 799, 813.)

Since *Cunningham*, the Legislature has amended California's determinate sentencing law with respect to statutory maximum term twice. First, shortly after *Cunningham*, the

6

Legislature eliminated the presumptive middle term and allowed judges broad discretion in selecting a term within a statutory range to avoid the constitutional infirmity found by *Cunningham*. (*People v. Wilson* (2008) 164 Cal.App.4th 988, 992.) Next, effective January 1, 2022, the Legislature enacted Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3) to reimpose a presumptive middle term for determinate sentences.

As is relevant here, after Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3), section 1170, subdivision (b)(1) states, "[T]he court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)." The referenced paragraph provides: "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) However, "Notwithstanding paragraphs (1) and (2) [of section 1170, subdivision (b)], the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury. This paragraph does not apply to enhancements imposed on prior convictions." (§ 1170, subd. (b)(3).)

## II.  Analysis

Wertz contends that his upper term sentence in case No. 1 was improperly imposed under section 1170 because he did not stipulate to any circumstances in aggravation, no aggravating factors were found true beyond a reasonable doubt by a jury, and no certified records of his prior convictions were introduced at the resentencing.  But, as the Attorney General points out, Wertz did not object on these grounds even though he was resentenced nearly six months after Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3) went into effect.  Wertz responds that his failure to object cannot result in forfeiture because the right he is asserting is a constitutional right to jury trial under the Sixth Amendment and *Apprendi, supra*, 530 U.S. 466, and *Cunningham, supra*, 549 U.S. 270.  As set forth below, we agree with the Attorney General with respect to Wertz's state statutory claim of error, and we find no basis to reverse under the Sixth Amendment.

Here, the record shows that Wertz forfeited his section 1170 claim.  At the resentencing hearing, defense counsel, the prosecutor, and the trial court were aware of Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3), and the trial court resentenced Wertz under the newly amended law.  The trial court stated on the record that it could find certain factors in aggravation based on Wertz's prior criminal record without a stipulation and without a jury, and then the court made those findings.  Wertz could have, but did not, object that the court's imposition of the upper term sentence did not comport with section 1170.  His failure to object prevents him from pursuing his claim of state law error under

8

section 1170 on appeal.  (*People v. Anderson* (2023) 88 Cal.App.5th 233, 242; see also *People v. Scott* (1994) 9 Cal.4th 331, 353, 356 [complaints about court's failure to properly make or articulate its discretionary sentencing choices cannot be raised for the first time on appeal]; *People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218 [" 'Claims of error relating to sentences "which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner" are waived on appeal if not first raised in the trial court' "], italics omitted; *People v. French* (2008) 43 Cal.4th 36, 46–48 [statutory right to jury trial can be waived by failing to object whereas constitutional right requires express waiver].)

As for any Sixth Amendment claim, although not forfeited by failure to object (*People v. French, supra*, 43 Cal.4th at pp. 47–48), Wertz fails to establish reversible error.[6]  The parties stipulated that the June 2022 probation report could be received

---

[6] Wertz cites Article I, section 16, of the California Constitution in addition to the Sixth Amendment when arguing that he has not forfeited his argument that the resentencing violated his constitutional right to a jury trial.  Wertz, however, offers no substantive argument or authority in support of a claim that his resentencing violated the California Constitution.  We perceive no separate claim under the California Constitution, and we do not address that claim, if, indeed, Wertz is asserting it.  (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106 ["An appellate court is not required to examine undeveloped claims, nor to make arguments for parties."]; *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived."].)

into evidence, and that report lists at least eight of Wertz's prior convictions, including five misdemeanors and three felonies. Three prior convictions, including misdemeanors, are considered numerous (*People v. Searle* (1989) 213 Cal.App.3d 1091, 1098; see also *People v. Black*, *supra*, 41 Cal.4th at p. 818), and, under the Sixth Amendment, the trial court can determine the fact of a prior conviction (*People v. Towne* (2008) 44 Cal.4th 63, 81–82; *People v. Black*, at p. 813; *People v. Gallardo* (2017) 4 Cal.5th 120, 138). Thus, for purposes of defendant's Sixth Amendment claim, the court properly found the aggravating factor that Wertz's prior convictions were numerous.[7] (*People v. Black*, at p. 813.) And, even if there were Sixth Amendment error in not submitting that factor to a jury, on this record—which includes the parties' stipulation that the June 2022 probation report could be received into evidence and which lacks any challenge from Wertz to the evidence of the convictions set forth therein—we may conclude, beyond a reasonable doubt, that the jury would have found true this aggravating circumstance.[8]

## DISPOSITION

The judgment is affirmed.

---

[7] Under California Rules of Court, rule 4.421(b)(2), an aggravating factor exists if "defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous *or* of increasing seriousness." (Italics added.)

[8] Given our disposition, we need not reach the Attorney General's alternative argument that Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3)affords no relief to a defendant who agreed to a plea with a stipulated sentence.

10

BROWN, P. J.

WE CONCUR:

GOLDMAN, J.
WHITMAN, J.*

*People v. Wertz* (A165530)

---

* Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11