Filed 11/17/25  P. v. Young CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>JOE SAMMIE YOUNG,<br><br>        Defendant and Appellant. | B337677<br>(Los Angeles County<br> Super. Ct. No. KA115524) |

APPEAL from a postconviction order of the Superior Court of Los Angeles County, Rogelio G. Delgado, Judge.  Affirmed.

John Lanahan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Stephanie C. Brenan, Supervising Deputy Attorney General, and Nancy Lii Ladner, Deputy Attorney General, for Plaintiff and Respondent.

Joe Sammie Young appeals following a Penal Code section 1172.75 resentencing hearing.[1]  He contends the trial court erred by reimposing his original, upper term sentence without empaneling a jury to render a verdict on aggravating factors.  At the outset, we note a split of authority in this area.  The California Supreme Court has granted review to settle whether a resentencing court has the power to reimpose an upper term sentence absent a stipulation or a jury verdict supporting aggravating factors.  We agree with the reasoning in the line of appellate cases affirming a court's power to reinstate an upper term without a reasonable doubt verdict on aggravating factors.  Accordingly, we affirm here.

**BACKGROUND**

Pursuant to a negotiated agreement, on October 31, 2017, appellant pleaded no contest to residential burglary and attempted residential burglary (§§ 459, 459/664) and admitted suffering a prior serious felony conviction (§ 667, subd. (a)(1)), strike prior (§§ 667, subds. (b)–(j), 1170.12), and two prior prison terms under former section 667.5, subdivision (b) (former § 667.5(b)).  The plea included a *Cruz* waiver permitting appellant's release on the condition he obey all laws and appear for sentencing.  (See *People v. Cruz* (1988) 44 Cal.3d 1247, 1254, fn. 5 (*Cruz*).)  If he met this condition, he would receive a six-year sentence; if he did not, he faced 19 years.[2]

---

[1]    Subsequent references to statutes are to the Penal Code.

[2]    The six-year sentence consisted of the low term of two years for burglary, doubled for the strike prior, plus two years for serving prior prison terms.  The 19-year sentence consisted of the upper term of six years, doubled for the strike prior, plus five years for suffering a prior

The court accepted appellant's plea, admissions, and stipulation to a factual basis for his plea. The court informed appellant (1) if he returned on the date for sentencing without committing a new offense, he would be sentenced to the six-year term; and (2) if he did not, "the judge will sentence [him] to the maximum sentence" of 19 years.

After committing a new offense in December 2017, appellant did not appear at the scheduled sentencing hearing in January 2018. At a continued hearing in December 2018, the court sentenced appellant to 19 years imprisonment pursuant to the plea he "agreed to."

In April 2024, the court held a section 1172.75 resentencing hearing. The court struck the two former section 667.5(b) one-year enhancements, denied appellant's request to impose a lower sentence, and "re-impose[d]" the remaining portions of his upper term sentence for a total of 17 years. Appellant objected to the court's discussion of aggravating sentencing factors without his stipulation or a jury verdict on the factors.

## DISCUSSION

Appellant contends the resentencing court misconstrued section 1172.75(d)(4) and could not reimpose his upper term sentence absent his stipulation or a jury verdict supporting aggravating factors. We disagree.

---

serious felony and two years for serving prior prison terms. Both sentences included a concurrent sentence for attempted burglary.

3

## I.   *Governing Law*

In 2022, the Legislature retroactively invalidated all enhancements imposed under former section 667.5(b) for non-sexually violent offenses.  (See Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)  Section 1172.75 lays out the process for resentencing inmates who qualify.  In addition to eliminating the one-year priors, the section directs the resentencing court to "apply any other changes in law that reduce sentences[.]" (§ 1172.75, subd. (d)(2).)  The court may consider factors reflecting changed circumstances but may not impose a sentence longer than originally imposed.  (§ 1172.75, subds. (d)(1), (d)(3).) The last directive, at issue here, provides:

> "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1172.75(d)(4).)

We review questions of statutory interpretation de novo (*People v. Superior Court (Guevara)* (2025) 18 Cal.5th 838, 856) and the court's resentencing decision for abuse of discretion (*People v. Mathis* (2025) 111 Cal.App.5th 359, 366, review granted Aug. 13, 2025, S291628 (*Mathis*)).

## II.   *No Error Reimposing Upper Term*

There is currently a split of authority on a resentencing court's ability to reimpose an upper term sentence without the

4

defendant's stipulation to, or jury determination of, any fact(s) used to aggravate the sentence. (Compare *Mathis*, *supra*, 111 Cal.App.5th at p. 373 and *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466–467 (*Brannon-Thompson*), with *People v. Gonzalez* (2024) 107 Cal.App.5th 312, 329 (*Gonzalez*).)[3]

Consistent with *Gonzalez*, appellant contends section 1172.75 prohibited the resentencing court from reimposing his upper term sentence. Under *Mathis* and *Brannon-Thompson*, the Attorney General contends section 1172.75(d)(4) unambiguously expresses the "Legislature's intent that the new, heightened factfinding requirements for aggravating factors do not apply where the defendant was originally, lawfully sentenced to an upper term." (*Mathis*, *supra*, 111 Cal.App.5th at p. 374.)

We join the overwhelming majority of cases siding with *Mathis* and *Brannon-Thompson*. Section 1172.75(d)(4) is clear. The first clause—"Unless the court originally imposed the upper term"—provides an exception to the second clause's quantum of proof requirement for imposing an upper term at resentencing. (*Mathis*, *supra*, 111 Cal.App.5th at p. 374; *Brannon-Thompson*, *supra*, 104 Cal.App.5th at pp. 466–467.)

While acknowledging this "plain language" construction as one reasonable interpretation of the statute, the *Gonzalez* court construed section 1172.75(d)(4) differently. It found that the introductory clause only "*restrict[ed] the scope of defendants eligible to receive the upper term* at resentencing to those who previously received the upper term, . . ." (*Gonzalez*, *supra*, 107 Cal.App.5th at pp. 328–329.) Under this interpretation, "a

---

[3]     The Supreme Court has granted review to consider this question. (See *People v. Eaton* (Mar. 14, 2025, C096853 [nonpub. opn.], review granted May 14, 2025, S289903.)

defendant would be eligible for the upper term but could not receive it in the absence of aggravating factors stipulated to by the defendant or proven beyond a reasonable doubt to the trier of fact." (*Id.* at p. 329.)

We respectfully disagree. "[A] proviso or clause beginning with the word 'unless' means an exception or condition *subsequent* rather than a condition precedent." (*Baggett v. Housing Authority* (1987) 195 Cal.App.3d 383, 389, italics added; see *Miklosy v. Regents of University of California* (2008) 44 Cal.4th 876, 888 ["'except on the condition that'"].) *Gonzalez*'s interpretation inverts this meaning, effectively replacing "unless" with "if," resulting in a meaning "'different from the plain and direct import'" of the term. (*DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983, 992.)

We also find no constitutional limitation on interpreting section 1172.75(d)(4) as creating an exception to the jury trial/stipulation rule when the same court reinstates an upper term at resentencing. Appellant's constitutional rights were protected. His original sentence complied with the Sixth Amendment. Unlike the sentencing scheme found unconstitutional in *Cunningham*, California's former determinate sentencing law, in effect at the time of appellant's sentencing, "gave judges 'broad discretion in selecting a term within a statutory range, thereby eliminating the requirement of a judge-found factual finding to impose an upper term.'" (*People v. Lynch* (2024) 16 Cal.5th 730, 747–748 (*Lynch*), quoting *People v. Wilson* (2008) 164 Cal.App.4th 988, 992.)

In any event, appellant was sentenced pursuant to a negotiated plea agreement and *Cruz* waiver. The court did not select the upper term; appellant agreed to it. Once the court

accepted the plea, it "lack[ed] jurisdiction to alter the terms of the plea bargain so that it becomes more favorable to a defendant unless, of course, the parties agree." (*People v. Stamps* (2020) 9 Cal.5th 685, 701, internal quotations omitted; see *People v. Vargas* (2007) 148 Cal.App.4th 644, 652 [upholding upper term sentence under *Cruz*].) Appellant's original sentence thus "'encounter[ed] no Sixth Amendment shoal.'" (*Lynch, supra*, 16 Cal.5th at p. 747.)

 *People v. Wiley* (2025) 17 Cal.5th 1069, on which appellant also relies, does not compel a different result. There, the defendant violated a term of probation imposed after a plea that did not involve a *Cruz* waiver or a stipulated prison term. (See *id.* at p. 1077 & fn. 3.) The court revoked probation and imposed an upper term sentence based on aggravating facts not tried to a jury. (*Ibid.*) This violated the Sixth Amendment and section 1170, subdivision (b). (*Id.* at p. 1086.) Again, in this case, appellant agreed to an upper term sentence if he violated his *Cruz* waiver. The court did not engage in factfinding to aggravate his original sentence.[4] (Compare *id.* at p. 1077, fn. 3.)

---

[4]  At the time of resentencing, the court discussed facts supporting the upper term sentence. Appellant rightfully objected to this consideration. It would have been impermissible for the court to base its decision solely on those untried facts. However, the court's decision to reimpose the upper term was also based on "the fact that previously [it] had imposed the upper term" under section 1172.75(d)(4). That alone, as discussed above, provided a legal basis to reinstate the upper term. (See *People v. Smithey* (1999) 20 Cal.4th 936, 972 [reviewing court must uphold ruling if right upon any theory of law applicable to the case].)

**DISPOSITION**

The postconviction order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


VAN ROOYEN, J.**

We concur:


ZUKIN, P. J.


TAMZARIAN, J.

---

** Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6, of the California Constitution.